*CDVIII
 

 MEMORANDUM-DECISION and ORDER
 

 HURD, District Judge.
 

 I.
 
 INTRODUCTION
 

 Plaintiffs Mildred Phipps (“Mildred”) and Warren Phipps (“Warren”) bring this personal injury action against defendants Snow Time, Inc. (“Snow Time”), Zero Gravity, Z-Grav Solutions, LLC (“Z-Grav”), and Ski Windham Operating Corp. (“Ski Windham”), for injuries sustained after she fell over a metal pipe following a high school reunion she attended with her husband at a resort in Windham, New York. The pipe over which plaintiff fell was part of a skateboard obstacle course located on the same premises as the reunion.
 

 Defendants move for summary judgment pursuant to Fed.R.Civ.P. 56. Plaintiffs oppose. Oral arguments were heard on this matter on February 27, 2004, in Albany, New York. Decision was reserved.
 

 II.
 
 FACTS
 

 On October 6, 2001, Mildred and Warren, who are residents of Florida, drove to the Ski Windham resort in Windham, New York, to attend his 50th high' school reunion. Ski Windham is owned and operated by defendants Snow Time and Ski Windham Operating Corp., both New York corporations. At the time the plaintiffs attended the reunion, there were several events ongoing at the resort, including a skate park, which consisted of ramps and rails where skateboarders could perform tricks, and which was located on the top level of the parking lots. Pursuant to an agreement with Snow Time, defendants Zero Gravity and Z-Grav Solutions agreed to assemble and later remove this skateboarding equipment, and Ski Windham agreed to provide boundary area ribbons.
 

 When Mildred and Warren arrived at Ski Windham around 5:00 p.m., they parked one level below the upper level where the skate park was located. They walked to the top level of the parking lot where, they maintain, they did not see anything around the skateboarding equipment such as orange cones or tape. They were, however, aware of the skate park and saw the metal equipment.
 

 They left the reunion between 9:00 and 9:30 p.m. and walked through part of the skate park on the upper level of the parking lot. It was during this walk through the skate park that plaintiff fell over a metal rail/pipe.
 

 Mildred and Warren claim that the parking lot was poorly lit and that the lighting may have been obstructed by a vehicle and/or large skateboard ramp. As a result of the poor lighting, they claim it was difficult to see any rails that were located near the ground. They also claim that because there were many elderly persons attending the reunion, several people complained during the dinner that they could not drive right up to the front door of the lodge and, as a result, the tape surrounding the skate park was removed and was not there when they exited the reunion.
 

 Mildred and Warren claim the defendants were negligent in allowing unsafe conditions to exist on the upper level parking lot and that they failed to warn of the tripping hazard or to provide adequate lighting. They also claim that defendants had actual and constructive notice of the dangerous condition, and that as a result of the accident, Mildred suffered severe personal injuries.
 

 Defendants move for summary' judgment on the ground that landowners owe no duty to warn of conditions that are open and obvious. They claim that when the safety director at Ski Windham left between 5:00 and 5:30 p.m. on the evening of
 
 *CDIX
 
 the accident, the perimeter of the skate park was marked all the way around with colored ribbon. Defendants maintain that Warren could see silhouettes of the skateboarding equipment as he and his wife walked to their car. They also claim that plaintiffs could have walked down a lit roadway to the parking lot where their car was located, thereby avoiding the skate park, but chose instead to walk through the skate park and around some of the skateboarding equipment. Finally, defendants claim that after Mildred’s fall, the Ski Windham security guard found her within the perimeter of the skate park.
 

 III.
 
 DISCUSSION
 

 A.
 
 Standard for Summary Judgment
 

 Summary judgment must be granted when the pleadings, depositions, answers to interrogatories, admissions and affidavits show that there is no genuine issue as to any material fact, and that the moving party is entitled to summary judgment as a matter of law.
 
 Fed.R.Civ.P. 56; Anderson v. Liberty Lobby, Inc., 477
 
 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986);
 
 Richardson v. New York State Dep’t of Correctional Serv.,
 
 180 F.3d 426, 436 (2d Cir.1999). Facts inferences therefrom, and ambiguities must be viewed in a light most favorable to the nonmovant.
 
 Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,
 
 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).;
 
 Richardson,
 
 180 F.3d at 436;
 
 Project Release v. Prevost,
 
 722 F.2d 960, 968 (2d Cir.1983). Once the moving party has met the initial burden demonstrating the absence of a genuine issue of material fact, the nonmov-ing party “must set forth specific facts showing that there is a genuine issue for trial.”
 
 Fed.R.Civ.P. 56; Liberty Lobby, Inc., 477
 
 U.S. at 250, 106 S.Ct. 2505;
 
 Celotex Corp. v. Catrett, 477
 
 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265;
 
 Matsushita Elec. Indus. Co.,
 
 475 U.S. at 587, 106 S.Ct. 1348. At that point the nonmoving party “must do more than simply show that there us some metaphysical doubt as to the material facts.”
 
 Matsushita Elec. Indus. Co.,
 
 475 U.S. at 586, 106 S.Ct. 1348. To withstand a summary judgment motion, sufficient evidence must exist upon which a reasonable jury could return a verdict for the nonmovant.
 
 Liberty Lobby, Inc., 477
 
 U.S. at 248-49, 106 S.Ct. 2505;
 
 Matsushita Elec. Indus. Co.,
 
 475 U.S. at 587, 106 S.Ct. 1348.
 

 B.
 
 Open and Obvious Condition
 

 Defendants claim that because Mildred entered an area cordoned off by warning cones and yellow tape, and because both her and her husband admitted to seeing the skateboarding equipment on the upper level of the parking lot, the skateboard equipment was an open and obvious condition which would relieve the landowner of the duty to warn. Under New York law, which is applicable in this diversity action, if a hazard or dangerous condition is open and obvious, the owner of the property has no duty to warn a visitor of the danger.
 
 Westbrook v. WR Activities-Cabrera Markets,
 
 5 A.D.2d 69, 773 N.Y.S.2d 38, 41 (1st Dept. 2004). The theory underlying the open and obvious doctrine is that:
 

 [W]hen a warning would have added nothing to the user’s appreciation of the danger, no duty to warn exists as no benefit would be gained by requiring a warning. The hazard or dangerous condition must be of a nature that could not reasonably be overlooked by anyone in the area whose eyes were open, making a posted warning of the presence of the hazard superfluous.
 

 Id.
 

 Generally, the question of whether a condition is open and obvious should be
 
 *CDX
 
 determined by a jury.
 
 Id.
 
 Whether a condition is open and obvious does not necessarily turn on whether it was
 
 visible,
 
 as New York courts have denied summary judgment where a raised platform in a department store, although discernible and initially noticed and avoided by the plaintiff, was not clearly discernible from all angles, thereby raising an issue of fact as to whether it was open and obvious.
 
 Id.
 
 (emphasis added);
 
 see also Thornhill v. Toys “R” Us NYTEX,
 
 183 A.D.2d 1071, 1073, 583 N.Y.S.2d 644 (1992).
 

 If there was, in fact, a lack of warning tape and cones surrounding the skate park and poor lighting conditions, as Mildred and Warren claim, a reasonable person could have overlooked the dangerous condition. Since there is a dispute as to whether there was an adequate amount of tape and lighting, there exists a question of fact as to the open and obvious nature of the condition. Although the defendants claim that Mildred saw the dangerous condition, thereby making it open and obvious, there is a difference between merely discerning a dangerous condition and such condition, because of the poor lighting or other reasons, being completely visible. Thus, whether the condition is open and obvious, thereby relieving the landowner of a duty to warn, remains a question of fact.
 

 Furthermore, even if the condition was open and obvious as a matter of law, summary judgment would still be denied, “since [Mildred and Warren] [are] not claiming a violation of the duty to warn, but a violation of the broader duty to maintain the premises in a reasonably safe condition.”
 
 Id.
 
 at 42 (noting that even where an open and obvious condition negates the duty to warn, the landowner may still be liable for failure to maintain the premises).
 

 In
 
 Westbrook,
 
 the court found that an opened box in a supermarket aisle constituted a dangerous condition because it was not readily visible to customers walking through the aisle.
 
 Id.
 
 at 43^4. The presence of such a dangerous condition imposed upon the landowner not only a duty to warn of the condition, but also a duty to remedy the situation, and therefore, constituted a violation of the property owner’s duty to maintain the premises in a reasonably safe condition.
 
 Id.
 

 A jury could similarly find a tripping hazard was created by the skate park and its equipment. In such a case, the property owner would have both a duty to warn
 
 and
 
 a duty to safely maintain the premises. Since a dispute exists as to the adequacy of the lighting and warning tape surrounding the skate park, there remains a question of fact regarding the safe maintenance of the premises.
 

 IY.
 
 CONCLUSION
 

 Plaintiffs have demonstrated that questions of fact exist and that a reasonable jury could return a verdict in their favor. Defendants are therefore not entitled to summary judgment.
 

 Accordingly, it is
 

 ORDERED that defendants’ motion for summary judgment is DENIED.
 

 IT IS SO ORDERED.