■ ANITA BLOOM, Appellant, v LULA REALTY CORP., Respondent. [840 NYS2d 870]—

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered July 27, 2006, which granted defendant's motion for summary judgment dismissing plaintiff's complaint, affirmed, without costs.

As the motion court properly found, plaintiff has failed to demonstrate that the absence of a knob or handle on the gate in any way constituted a defect, violated a statute, or was inherently dangerous. It is undisputed that the gate had lacked a knob for eight years. Although for much of that time the gate had been tied open, after the gate began to be kept closed, approximately four to six months prior to her fall, plaintiff was aware of the condition and opened and closed the gate without incident. Concur—Andrias, J.P., Friedman, Nardelli and Malone, JJ.

Saxe, J., dissents in a memorandum as follows: Plaintiff, a 71-year-old tenant in defendant's apartment building, had brought a bag of trash to dispose of at the side of the building where a fenced-in area holds garbage cans in which building residents place their trash for pick up. The gate for the fenced-in area had for many years been kept tied back in an open position, but for some months prior to the incident, was kept closed. To enter the area, the resident would have to push in on the wrought iron gate, which would then automatically swing closed on a spring. To exit, the resident would have to pull the gate inward; however, because the inside of the gate was lined with heavy wire mesh which was difficult to grip, and there was no knob or handhold to grasp, on this occasion plaintiff reached above her head to pull on the top wrought iron bar of the gate. As she tried to pull the heavy iron gate in this manner, plaintiff lost her grip on the bar and fell backwards, breaking her right wrist.

In moving for summary judgment dismissing the complaint, defendant argued that the existence of a gate without a doorknob did not, of itself, constitute negligence where the gate was not inherently dangerous and, in any event, where the lack of a doorknob was open and obvious to all tenants. However, while the lack of a doorknob on a swinging gate may not necessarily establish negligence as a matter of law, plaintiff did submit sufficient evidence to raise a triable issue as to whether this particular gate was unsafe for tenants, given its weight and

the difficulty some might have in grasping it to pull it open, due to its lining of wire mesh.

That a dangerous condition is readily observable does not, of course, end the analysis (*Westbrook v WR Activities-Cabrera Mkts.*, 5 AD3d 69 [2004]). A property owner has an obligation to remedy a defective condition in an area of the property over which it retains control (*see Rivera v Nelson Realty, LLC*, 7 NY3d 530, 535 [2006]). The question of whether this particular gate was defective due to the absence of a knob with which to grasp it should have been left to a jury.