■ JUANITA FRANCIS, Respondent, v 107-145 WEST 135TH STREET ASSOCIATES, LIMITED PARTNERSHIP, Appellant. [895 NYS2d 400]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered February 10, 2009, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff asserts that a protruding metal grate covering a heater on a stairwell landing in defendant's apartment building caught the back of her pants, causing her to fall down the stairs. We reject defendant's argument that it is entitled to summary judgment based on plaintiff's deposition testimony that she had previously observed the protruding metal and knew that the building had an elevator that could have been used instead of the stairs. First, plaintiff's testimony that she had frequently observed the protruding metal on many frequent visits to the building does not establish, as a matter of law, that the alleged danger was open and obvious, and we note that there is no evidence as to how far the metal protruded from the heater (*see Westbrook v WR Activities-Cabrera Mkts.*, 5 AD3d 69, 72 [2004]). Second, while an open and obvious danger negates the duty to warn and is relevant to the issue of comparative negligence, it does not negate the duty to maintain the premises in a reasonably safe condition (*see id.* at 72-73; *Caicedo v Cheven Keeley & Hatzis*, 59 AD3d 363 [2009]), and we cannot say, as a matter of law, that the stairwell was in a reasonably safe condition. Concur—Andrias, J.P., Saxe, Sweeny, Freedman and Román, JJ.