*485 Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered January 17, 2012, which granted defendants’ motions for summary judgment dismissing the complaint, unanimously modified, on the law, to deny defendant DA & JA Deli & Grocery Corp.’s (Deli) motion, and otherwise affirmed, without costs.
Photographs and testimony from the parties raised factual issues whether plaintiff could have seen the cash register lying on the floor in time to avoid it as she entered the deli (see generally Westbrook v WR Activities-Cabrera Mkts., 5 AD3d 69 [1st Dept 2004]).
It was not unreasonable for plaintiff to claim she was looking straight into the store at the moment she opened the door to enter the deli. One photograph showed the cash register lying upside down just inside the entrance, as described by the deli owner at deposition. The photograph of the purported “warning” sign (at the deli’s entrance door), which Deli submitted in its reply papers, appears almost blank, with no apparent lettering at all. The nearly “blank” white paper sign, although placed at shoulder height above the right door handle, is seemingly small and inconspicuous when compared to the multiple other colorful advertising signs posted on the glass doors. Moreover, the purported word “Closed” written on the white sign does nothing to alert patrons regarding specific dangers inside, and it could conceivably be ignored, as the evidence indicated that the store light was on inside and the entrance doors were left unlocked. Based on all the evidence offered on the motions, it was not “clear” whether the contested hazard was open and obvious (see generally Tagle v Jakob, 97 NY2d 165 [2001]).
Even assuming, arguendo, the cash register could be deemed an “open and obvious” hazard as a matter of law, such finding, while negating a duty to warn, would not obviate a landowner’s duty to maintain a premises in a reasonably safe condition (see Francis v 107-145 W. 135th St. Assoc., Ltd. Partnership, 70 AD3d 599 [1st Dept 2010]; Westbrook, 5 AD3d 69). Deli, as lessee, arguably could have made the premises safer by keeping the store closed and locked, as the police had instructed.
Defendant out-of-possession building owner’s motion for summary judgment was properly granted, as there was no evidence offered to show that the building owner, upon leasing control of the premises to Deli, retained any obligation to maintain the *486 premises, and particularly an obligation to rectify transient conditions of the type that allegedly caused plaintiffs fall (see generally Stryker v D’Agostino Supermarkets Inc., 88 AD3d 584 [1st Dept 2011]; Babich v R.G.T. Rest. Corp., 75 AD3d 439 [1st Dept 2010]). Concur — Mazzarelli, J.P., Moskowitz, Richter, Abdus-Salaam and Feinman, JJ.