◼ LORNA MAY FRANCIS, Appellant, v NEW YORK YANKEES PARTNERSHIP, Respondent. [992 NYS2d 419]—

Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered April 16, 2013, which granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.

Plaintiff allegedly sustained personal injuries when, to avoid a golf cart coming toward her in the basement concourse of defendant's baseball stadium, she stepped to the left and tripped over a handlebar protruding from the bottom of one of defendant's batting screens. She contends, among other things, that the handlebar constituted a hidden trap, as it was not readily visible.

Defendant failed to make a prima facie showing that it neither created nor had actual notice of the alleged hazardous condition—namely, the placement of the batting screens in the basement concourse (*see Westbrook v WR Activities-Cabrera Mkts.*, 5 AD3d 69, 75 [1st Dept 2004]). Although defendant argues that the batting screens were not inherently dangerous,

that is not a relevant inquiry. The salient issue is whether the handlebars at the bottom of the screens were readily visible and protruded into the concourse so as to constitute a reasonably foreseeable tripping hazard (*see id.* at 75-76; *Mauriello v Port Auth. of N.Y. & N.J.*, 8 AD3d 200 [1st Dept 2004]; *compare Figueroa v New York City Bd. of Educ.*, 104 AD3d 544 [1st Dept 2013]). Plaintiff has raised a triable issue of fact as to whether that was the case. Whether the golf cart coming toward plaintiff constitutes an intervening act that breaks the causal nexus should await jury resolution (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]). Concur—Mazzarelli, J.P., Renwick, Andrias, Richter and Feinman, JJ.