■ JERRY WASHINGTON et al., Respondents, v AUTUMN PROPERTIES II, LLC, Defendant, and NATIONAL DISTRIBUTION ALLIANCE, Appellant. [22 NYS3d 10]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered on or about September 11, 2014, which, inter alia, denied defendant National Distribution Alliance's (defendant) motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Plaintiff Jerry Washington was injured when he tripped over the forks of a power jack parked in the 25-foot-wide central walkway between rows of work tables in a commercial warehouse leased by defendant. Plaintiff, a subcontractor of defendant, had been working at one of the tables when a power outage plunged the warehouse into complete darkness, and after about 20 seconds he decided to leave the warehouse. He turned from his table and took a few steps into the central walkway, and tripped over the jack. About 10 seconds later, the power was restored.

Defendant failed to establish prima facie that it maintained the premises in a reasonably safe condition and did not create a dangerous condition that posed a foreseeable risk of injury to individuals expected to be on the premises (*see Westbrook v WR Activities-Cabrera Mkts.*, 5 AD3d 69, 71 [1st Dept 2004]). Plaintiff testified that the power jacks were usually stored in an area near the front of the building and that he had never seen one unattended in the central walkway. Moreover, the record shows that machinery in the warehouse was operated solely by defendant's employees.

Under the circumstances, defendant's argument that the power jack was an open and obvious hazard and not inherently dangerous is misplaced. Nor did defendant establish as a matter of law that plaintiff's decision to walk through the dark warehouse was the sole proximate cause of his injury, since, even in the dark, plaintiff could not have tripped over a jack that was not there. Defendant also failed to establish as a matter of law that the power outage was a supervening event that severed the causal connection between any negligence on its part and plaintiff's injury (*see Kush v City of Buffalo*, 59 NY2d 26, 32-33 [1983]). As indicated, darkness alone could not have caused the accident. Moreover, defendant made no showing that power outages in the area were a very rare occurrence in the area, and the record demonstrates that the warehouse had a working back-up generator. Concur—Sweeny, J.P., Acosta, Andrias and Moskowitz, JJ.