■ IVANA POLINI, Respondent, v SCHINDLER ELEVATOR CORPORATION, Appellant, et al., Defendants. [43 NYS3d 900]—

Order, Supreme Court, New York County (Donna M. Mills, J.), entered July 29, 2014, which granted plaintiff's motion for partial summary judgment on the issue of liability as against defendant Schindler Elevator Corporation (Schindler), and denied Schindler's cross motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Schindler's arguments that the wooden panel that its workers leaned against the wall was open and obvious, that plaintiff failed to use her senses to observe it, and that any barricades or warnings would not have prevented the accident, are unpreserved as they were not presented to the motion court (*see e.g. Gyabaah v Rivlab Transp. Corp.*, 129 AD3d 447 [1st Dept 2015]). In any event, we would find such arguments unavailing because even if a hazard is open and obvious, that merely eliminates the duty to warn, but not the duty to maintain the premises in a reasonably safe condition (*see generally Westbrook v WR Activities-Cabrera Mkts.*, 5 AD3d 69, 70 [1st Dept 2004]). Here, it is undisputed that Schindler's employees failed to secure the seven-foot tall wooden panel that they leaned against the wall or create a perimeter around it to prevent others from entering the area.

We have considered Schindler's remaining arguments, and find them unavailing. Concur—Sweeny, J.P., Renwick, Mazzarelli, Manzanet-Daniels and Feinman, JJ.