Leavy v Key Food Stores Co-Operative, Inc. (2020 NY Slip Op 06713)





Leavy v Key Food Stores Co-Operative, Inc.


2020 NY Slip Op 06713


Decided on November 17, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 17, 2020

Before: Manzanet-Daniels, J.P., Singh, Scarpulla, Shulman, JJ. 


Index No. 21607/16E Appeal No. 12401 Case No. 2019-4703 

[*1]Richard Leavy, as Administrator of the Estate of Joseph Leavy, Plaintiff-Respondent,
v
Key Food Stores Co-Operative, Inc., et al., Defendants-Appellants.


Miranda Slone Sklarin Verveniotis LLP, Mineola (Andrew B. Kaufman of counsel), for appellants.
Burns & Harris, New York (Jason S. Steinberg of counsel), for respondent.



Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered on or about May 15, 2019, which, as limited by the briefs, denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Decedent testified that he tripped and fell as a result of a protruding platform at the base of a product display in the aisle of defendants' supermarket.
The court correctly concluded that defendants failed to demonstrate as a matter of law that they did not cause, create, or have actual or constructive notice of the hazardous condition that caused decedent's accident. The store manager testified that store employees erected product displays in the store aisles. A jury might find that defendants caused or created the hazardous condition that decedent testified was a proximate cause of his accident (see Westbrook v WR Activities-Cabrera Mkts., 5 AD3d 69, 75-76 [1st Dept 2004]).
Defendants assert that the condition, if it existed, was open and obvious and not inherently dangerous. However, an open and obvious hazard may negate the duty to warn, but it does not negate liability in negligence, because an owner still has a duty to ensure that the premises are maintained in a reasonably safe condition (see Calcedo v Cheven Keeley & Hatzis, 59 AD3d 363 [1st Dept 2009]). There is an issue of fact as to whether the condition described by decedent was reasonably safe. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 17, 2020