Tropper v Henry St. Settlement (2021 NY Slip Op 00397)





Tropper v Henry St. Settlement


2021 NY Slip Op 00397


Decided on January 26, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 26, 2021

Before: Renwick, J.P., Gische, Kern, Moulton, JJ. 


Index No. 156721/17 Appeal No. 12945 Case No. 2020-02292 

[*1]Dov Tropper, Plaintiff-Appellant,
v
Henry Street Settlement, Defendant-Respondent, The City of New York, Defendant.


Jaroslawicz & Jaros PLLC, New York (David Tolchin of counsel), for appellant.
Fullerton Beck LLP, White Plains (Edward J. Guardaro, Jr. of counsel), for respondent.



Order, Supreme Court, New York (Barbara Jaffe, J.), entered April 6, 2020, which denied plaintiff's motion for partial summary judgment as against defendant Henry Street Settlement and a trial preference, and, upon a search of the record, directed entry of a judgment dismissing the complaint, unanimously reversed, on the law, the grant of summary judgment to defendant is vacated and plaintiff's motion is granted, without costs.
Plaintiff made a prima facie showing that defendant violated its duty to maintain the sidewalk abutting its property in a reasonably safe condition by failing to repair and replace the sidewalk flag hazard on which he tripped. The Administrative Code of the City of New York requires owners of real property abutting any sidewalk to maintain that sidewalk in a reasonably safe condition, which includes repaving, repairing and replacing defective sidewalk flags (Administrative Code § 7-210[3]). Furthermore, property owners are specifically required to, at their own cost and expense, repave or repair any portion of the sidewalk that constitutes a tripping hazard where "the vertical grade differential between adjacent sidewalk flags is greater than or equal to one half inch" (Administrative Code § 19-152[a][4]).
Plaintiff testified at the 50-h hearing that he tripped on a raised sidewalk flag that was approximately three inches higher than the adjacent flag, There is also photographic evidence that shows a visibly raised sidewalk flag in the area he identified as where his accident occurred. Moreover, in 2010, after inspecting the sidewalk in front of the premises, the City identified several defective portions of the sidewalk and issued a notice of violation to defendant for breakage, patchwork, an improper slope, and a trip hazard. The notice directed defendant to remedy the condition by replacing 685 feet of sidewalk. The violation was never cured.
Defendant failed to raise an issue of fact controverting that the condition was hazardous. Defendant denies it was served with the 2010 violation. Even if true, it does not mean that the hazardous condition did not exist, or negate defendant's obligation to fix the sidewalk. Defendant's chief of operations and facilities testified at a deposition that defendant did not perform any work to maintain the sidewalk in front of the premises during the relevant period.
Defendant's contention that the defect is trivial and nonactionable is also rejected. Although triviality requires a consideration of all the specific facts and circumstances of the defect, not just its size (see e.g. Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 77 [2015]), here defendant has failed to come forth with any facts to controvert plaintiff's estimate that the flagstone was displaced by approximately three inches on a heavily trafficked sidewalk. Defendant's alternative argument that it is not responsible because the defect was open and obvious is also rejected. An open and obvious condition [*2]only relieves the property owner of a duty to warn but the landowner's duty to maintain premises in a reasonably safe condition remains (Westbrook v WR Activities-Cabrera Mkts., 5 AD3d 69, 72 [1st Dept 2004]).
Plaintiff also prima facie proved notice. Even if the 2010 violation was never received by defendant, defendant admitted that regular sidewalk inspections were made by defendant's staff, during which the condition was observable. The condition existed for a sufficiently long period of time, over seven years, so that defendant could have discovered and remedied the hazardous condition. Especially given the longevity of the hazardous condition, defendant cannot simply rely on plaintiff's failure to observe the hazardous condition in the moment of the accident to create an issue of fact on whether it had notice (see Proco v Marshalls Dept. Stores, 30 AD3d 284 [1st Dept 2006]).
To the extent that defendant argues that plaintiff was a proximate cause of his own accident because he was hurrying along the sidewalk, this only raises issues of comparative negligence. A plaintiff is not required to demonstrate the absence of his own comparative fault in order to obtain partial summary judgment on the issue of liability (Rodriguez v City of New York, 31 NY3d 312, 324-325 [2018]).
Plaintiff established his entitlement to a trial preference under CPLR 3403(a)(4),
and, as we have reinstated the complaint, we grant his application therefor. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 26, 2021