Lopez v 1355 Morris Ave, LLC (2021 NY Slip Op 03665)





Lopez v 1355 Morris Ave, LLC


2021 NY Slip Op 03665


Decided on June 10, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 10, 2021

Before: Manzanet-Daniels, J.P., Gische, Oing, Shulman, JJ. 


Index No. 21574/18E Appeal No. 14050 Case No. 2020-03566 

[*1]Elianny Lopez, Plaintiff-Respondent,
v
1355 Morris Ave, LLC, Defendant-Appellant. 


Cascone & Kluepfel, LLP, Garden City (Beth L. Rogoff-Gribbins of counsel), for appellant.
Raymond Schwartzberg & Associates, PLLC, New York (Raymond Schwartzberg of counsel), for respondent.



Order, Supreme Court, Bronx County (Adrian Armstrong, J.), entered August 18, 2020, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendant failed to establish prima facie that it cannot be held liable for the injuries plaintiff sustained in falling on its wet floor and steps because, whether or not it was relieved of its duty to warn of a hazardous condition by the open and obvious nature of the condition, it was not relieved of its duty to maintain its premises in reasonably safe condition (Westbrook v WR Activities-Cabrera Mkts., 5 AD3d 69, 70 [1st Dept 2004]). Contrary to defendant's contention that it did not have to warn plaintiff of the condition because she knew before she fell that the superintendent was mopping and that the floors were wet, plaintiff testified only that she saw the superintendent cleaning, not mopping, and that she did not notice the wet condition before she fell. Any inconsistency or lack of clarity in plaintiff's testimony on this issue presents a credibility issue for the jury (see Guo Ping Li v Overseas Partnership Co., Inc., 176 AD3d 608, 609 [1st Dept 2019]).
To the extent defendant contends that plaintiff was at fault because she was not paying attention or holding the handrail, this argument is unavailing since a party need not demonstrate the absence of her own comparative fault to defeat a motion for summary judgment on liability (see Derix v Port Auth. of N.Y. & N.J., 162 AD3d 522 [1st Dept 2018]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 10, 2021