Ortiz-Zayas v 98 Rivington Realty Corp. (2021 NY Slip Op 06096)





Ortiz-Zayas v 98 Rivington Realty Corp.


2021 NY Slip Op 06096


Decided on November 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 09, 2021

Before: Manzanet-Daniels, J.P., Oing, Moulton, Scarpulla, JJ. 


Index No. 159710/16 Appeal No. 14570 Case No. 2020-04150 

[*1]Elba Ortiz-Zayas et al., Plaintiffs-Respondents,
v
98 Rivington Realty Corp., Defendant-Respondent, Catherine Deli & Bagels, Defendant-Appellant.
98 Rivington Realty Corp., Third-Party Plaintiff-Respondent,
v
The City of New York, Third-Party Defendant Respondent.
Catherine Deli & Bagels, Second Third-Party Plaintiff-Appellant,
v
The City of New York, Second-Third-Party Defendant Respondent.


Congdon, Flaherty, O'Callaghan, Travis & Fishlinger, Uniondale (Michael T. Reagan of counsel), for appellant.
Arnold E. DiJoseph, P.C., New York (Arnold E. DiJoseph III of counsel), for Elba Ortiz-Zayas and Esquio Zayas, respondents.
Callahan & Fusco, LLC, New York (Christopher S. Del Bove of counsel), for 98 Rivington Realty Corp., respondent.
James E. Johnson, Corporation Counsel, New York (Elina Druker of counsel), for City of New York, respondent.



Order, Supreme Court, New York County (Lyle E. Frank, J.), entered February 3, 2020, which, to the extent appealed from as limited by the briefs, denied defendant Catherine Deli & Bagels' motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
Defendant failed to establish prima facie that it did not cause or create the condition that caused plaintiff's accident (see Westbrook v WR Activities-Cabrera Mkts., 5 AD3d 69, 75 [1st Dept 2004]). The record reveals a metal platform more than three inches high mounted on the sidewalk along the perimeter of the delicatessen and protruding onto the sidewalk area, with an orange gaming machine on top of it near the corner of the building and in front of defendant's deli. Regardless of whether plaintiff had previously observed the raised platform, her testimony (submitted by defendant on its motion) that her view of the raised platform was obscured by a crowd of children standing in the area waiting to play the gaming machine raised an issue of fact as to whether defendant made a special use of the sidewalk area by placing the machine outside its premises, proximately causing plaintiff to trip and fall (see Kaufman v Silver, 90 NY2d 204, 207-208 [1997]; Balsam v Delma Eng'g Corp., 139 AD2d 292, 298 [1st Dept 1998], lv dismissed in part, denied in part 73 NY2d 783 [1988]). As defendant failed to meet its prima facie burden on the motion, we need not address the sufficiency
of plaintiff's opposition (see Rivera v City of New York, 173 AD3d 790, 791 [2d Dept 2019]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 9, 2021