Martinez v Contreras (2023 NY Slip Op 02742)

Martinez v Contreras

2023 NY Slip Op 02742

Decided on May 18, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 18, 2023

Before: Manzanet-Daniels, J.P., Kapnick, González, Shulman, Higgitt, JJ. 

Index No. 302586/15E Appeal No. 279 Case No. 2022-00976 

[*1]America Martinez, Plaintiff-Respondent,
v
Sandra Contreras, Defendant-Appellant, Dollie Adams, Defendant.

Law Offices of Richard G. Monaco, P.C., Bronx (Richard G. Monaco of counsel), for appellant.
Mitchell Dranow, Sea Cliff, for respondent.

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered on or about January 12, 2022, which, to the extent appealed from as limited by the briefs, denied defendant Sandra Contreras's motion for summary judgment dismissing the complaint as against her, unanimously affirmed, without costs.
Defendant failed to satisfy her prima facie burden of establishing as a matter of law that plaintiff slipped and fell on the public street, as opposed to the sidewalk abutting defendant's property, which defendant was responsible for maintaining (see Administrative Code of City of NY § 7-210; Ascensio v New York City Hous. Auth., 77 AD3d 592, 593 [1st Dept 2010]). While defendant argued that plaintiff had testified that she fell on the street, plaintiff's testimony was ambiguous as to where she fell. Defendant also failed to show that she did not create or have notice of the pile of snow and ice that caused plaintiff's accident (see Vazquez v Jerome Gas Corp., 173 AD3d 526, 526 [1st Dept 2019]). Thus, the burden did not shift to plaintiff to come forward with evidence to raise a triable issue of fact (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
In any event, even if defendant had satisfied her prima facie burden, plaintiff submitted sufficient proof to raise an issue of fact as to the location of the accident. Plaintiff averred in her affidavit that she slipped on the sidewalk and that, although she used an interpreter during her deposition, many of the questions were "very confusing." Defendant's contention that plaintiff's affidavit was tailored to avoid the consequences of her deposition testimony and submitted to raise a feigned issue of fact is unavailing. The affidavit provided a reasonable explanation for plaintiff's conflicting accounts as to where she fell (cf. Telfeyan v City of New York, 40 AD3d 372, 373 [1st Dept 2007]). This evidence raises credibility issues, which cannot be resolved on summary judgment.
We reject defendant's contention that she cannot be held liable as a matter of law because the pile of snow and ice that caused plaintiff's accident was open and obvious. An open and obvious condition only relieves a property owner of its duty to warn, and not the duty to ensure that the premises is maintained in a reasonably safe condition (see Tropper v Henry St. Settlement, 190 AD3d 623, 625 [1st Dept 2021]; Francis v 107-145 W. 135th St. Assoc., Ltd. Partnership, 70 AD3d 599, 600 [1st Dept 2010]). The issue of whether plaintiff was solely at fault for choosing to walk on the pile of snow and ice, or whether the parties were comparatively negligent, is to be determined at trial (see generally Rodriguez v City of New York, 31 NY3d 312 [2018]).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 18, 2023