Perry v Sada Three, LLC (2023 NY Slip Op 06456)

Perry v Sada Three, LLC

2023 NY Slip Op 06456

Decided on December 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 14, 2023

Before: Manzanet-Daniels, J.P., Oing, Moulton, Shulman, Rosado, JJ. 

Index No. 150383/18 Appeal No. 1235 Case No. 2022-05465 

[*1]Chaun Perry, Plaintiff-Appellant,
v
Sada Three, LLC, et al., Defendants-Respondents.

The Altman Firm PLLC, Woodmere (Michael T. Altman of counsel), for appellant.
Law Offices of Kevin P. Westerman, New York (Kimberly A. Miller of counsel), for Sada Three, LLC and Empellon Al Pastor, respondents.
Kiernan Trebach LLP, Garden City (Thomas E. Fogarty of counsel), for Gibraltar Management Co., Inc., 132 St. Mark's Place Limited Liability Company and Friedman Management, Corp., respondents.

Order, Supreme Court, New York County (James d'Auguste, J.), entered November 9, 2022, which denied plaintiff's motion for summary judgment against 132 St. Mark's Place Limited Liability Company and Friedman Management Corp. on the issue of liability, granted defendants Gibraltar Management Co. Inc., 132 St Mark's Place LLC, and Friedman Management Corp.'s cross-motions for summary judgment dismissing the complaint as against them, granted defendants Sada Three, LLC, and Empellon Al Pastor's cross-motions for summary judgment dismissing the complaints as against them, and dismissed defendants' cross-claims against each other, unanimously modified, without costs, to deny defendants' motions.
Defendants established their prima facie entitlement to judgment as a matter of law in this action where plaintiff broke his ankle upon stepping on the outer edge of a trapezoid-shaped single step landing while exiting defendant restaurant Empellon Al Pastor. Plaintiff, however, raised a material issue of fact as to whether the irregular shape and dimensions of the landing and the lack of a handrail were the causes of his fall through, inter alia, his testimony that the "shortness" and "angle" of the landing caused his ankle to roll and through his expert engineer's unrebutted affidavit that the "irregular shape" and "shortness" of the landing, which was in violation of the City of New York Building Code, and the lack of a handrail, proximately caused the fall.
The lower court's assessment that the landing's purported dangerous defects were open and obvious has no bearing upon the central, threshold issue of whether there was a causal connection between the defects and the plaintiff's injury (see Saretsky v 85 Kenmare Realty Corp., 85 AD3d 89, 92 [1st Dept 2011] [A "finding [of] a hazardous condition to be open and obvious is not fatal to a plaintiff's negligence claim, but rather is relevant to plaintiff's comparative fault, and hence summary judgment dismissal is not appropriate"]; see also Westbrook v WR Activities-Cabrera Mkts., 5 AD3d 69, 72-73 [1st Dept 2004][same]). Further, it is axiomatic that the open and obvious nature of a hazard pertains to an owner's duty to warn of such danger but does "not eliminate a claim that the presence of the hazardous condition constituted a violation of the property owner's duty to maintain the premises in a reasonably safe condition" (Westbrook, 5 AD3d at 75). Because an issue of fact exists concerning the
causal connection between the irregular dimensions of the landing and the plaintiff's accident, we need not reach the issue of whether the defect was open and obvious. For these reasons, summary judgment is denied.
We have considered the parties' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 14, 2023