OPINION OF THE COURT
Per Curiam.
Order dated February 1, 2002 affirmed, with $10 costs.
*336 Plaintiff sues to recover damages for injuries allegedly sustained when, on a “clear” September afternoon in 1997, she tripped and fell while attempting to step over a pile of garbage bags located on a pier leased by defendant Chelsea Piers, L.P. The undisputed record evidence shows that plaintiff, while on her routine exercise regimen in the area known as “Chelsea Piers,” walked “up and down and up and down” an adjoining pier for 15 or 20 minutes before turning onto and walking “brisklly]” along Pier 61, a “walkway” approximately five feet in width; that roughly one third of the way “down the pier” plaintiff came upon 20 to 30 garbage bags that had been unloaded onto the pier from a moored vessel shortly before plaintiffs accident and placed in a pile “two to three bags deep”; that plaintiff stopped “for a few seconds” to decide “the best way to go,” and ultimately attempted to traverse the two-foot high pile; and that plaintiff fell when her foot failed to “reach the other side” and “caught” on one of the garbage bags. Notably, plaintiff, by her own account, could have avoided the pile of garbage bags entirely, either by walking around them by momentarily entering one of several open entrance doors to a garage situated right next to the pier or by simply “turning] around and walking] the way [she] came.”
Whether or not the temporary placement of the garbage bags on the pier created a dangerous condition, Civil Court correctly concluded that plaintiff was expressly aware of the condition and proceeded at her own peril (see, Germain v Hegedus, 289 AD2d 443, 444 [2001]; Tarrazi v 2025 Richmond Ave. Assoc., 260 AD2d 468, 469 [1999]). “Liability under common-law negligence will not attach when the allegedly dangerous condition complained of was open and obvious, particularly [when] the injured plaintiff was aware of it” (Nardi v Crowley Mar. Assoc., 292 AD2d 577 [2002]; see, Patrie v Gorton, 267 AD2d 582 [1999], lv denied 94 NY2d 761 [2000]). ‘While the issue of whether a hazard is latent or open and obvious is generally fact-specific and thus usually a jury question * * * a court may determine that a risk was open and obvious as a matter of law [where, as here,] the established facts compel that conclusion” (Tagle v Jakob, 97 NY2d 165, 169 [2001]). Since the uncontested proof shows that the garbage bags were readily observable by a reasonable use of one’s senses and that the plaintiff in fact saw and was aware of the bags before the accident, summary judgment was properly granted to defendant.