■ MILDRED CENTENO et al., Appellants, v REGINE'S ORIGINALS, INC., et al., Respondents. [773 NYS2d 62]—

Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered December 18, 2002, which granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs or disbursements, the motion denied and the complaint reinstated.

On September 2, 2000, plaintiff entered Regine's, a women's and children's clothing and juvenile furniture store owned by defendants, located at 178 East 116th Street in Manhattan.

While clothes shopping for her son, plaintiff approached a rack of clothing, the base of which was covered with clothing that lay scattered on the floor. On the base of the rack, which was rectangular, stood a vertical pole that had a horizontal bar for clothing. When plaintiff, wearing sneakers at the time, attempted to step over the clothing, her foot hit the covered base of the rack, causing her to trip and fall and sustain injuries to her right knee. After her fall, plaintiff's husband pushed the fallen clothing away and observed the beige, wooden, rectangular base, which was "turned at an angle, and . . . extend[ed] into the area between the racks that [she had been] walking in." According to plaintiff, there were many racks of clothing in the store and, in the area where she fell, they were bunched closely together. After the completion of discovery, defendants moved for summary judgment arguing, inter alia, that the clothing rack was an open and obvious condition, readily observable to anyone using his or her senses and therefore was not a condition that defendants had a duty to remedy. Supreme Court accepted the argument and dismissed the complaint. We reverse.

The motion court erred in determining, as a matter of law, that the rack base, completely covered with and concealed by clothing, was not an inherently dangerous condition and was readily observable by the use of one's senses. There is no bright line test for determining what is open and obvious. The test is whether "[a]ny observer reasonably using his or her senses would see" the condition (*Tagle v Jakob*, 97 NY2d 165, 170 [2001]). Since the test incorporates a reasonableness standard, it is fact-specific and usually presents a question for resolution by the trier of the fact (*see Sanna v Wal-Mart Stores*, 271 AD2d 595 [2000]). In any event, the degree to which a dangerous condition is open and visible goes to the issue of comparative fault (*see Cohen v Shopwell, Inc.*, 309 AD2d 560 [2003]).

We note that notice of the condition is not an issue on appeal. In any event, plaintiff's husband, on an earlier visit to the store that day, had observed that "the entire area at the bottom of the rack was covered with clothing" and that "[n]o base was visible." Concur—Buckley, P.J., Nardelli, Sullivan and Lerner, JJ.