■ Valentina Gafner, Appellant, v Chelsea Piers, L.P., Respondent. [812 NYS2d 490]—

Order and judgment (one paper), Supreme Court, New York County (Kibbie F. Payne, J.), entered August 12, 2005, which, after a jury verdict in plaintiff's favor, granted defendant's motion for judgment and dismissed the complaint, unanimously affirmed, without costs.

Plaintiff failed to establish that the traffic cone was improperly used on the ice rink or in any way inherently dangerous.

Moreover, her testimony clearly established she did not know what caused the traffic cone to fall, and that it fell immediately before she tripped over it. Thus, the evidence established that defendant did not cause or create the allegedly dangerous condition. Nor did defendant have actual or constructive notice of the fallen cone, since there was insufficient time for the skate guards to set the traffic cone upright prior to plaintiff's fall on it or for any complaints to have been made. Accordingly, there was no rational process by which a jury could find for plaintiff based on the evidence she presented at trial (*see e.g. Szczerbiak v Pilat*, 90 NY2d 553 [1997]), and judgment pursuant to CPLR 4401 was appropriate.

In any event, defendant satisfied its duty of care, since the conditions on the ice were as safe as they appeared to be (*see Turcotte v Fell*, 68 NY2d 432 [1986]). The risk of skating with open and obvious bright orange traffic cones on the ice rink, which were used to separate the recreational skaters on the perimeter from those receiving private lessons in the center of the rink, was a risk the adult plaintiff assumed. Plaintiff knew or should have known that the traffic cones are not affixed to the ice and have the potential to fall if knocked down by another skater. Thus, plaintiff clearly assumed any risks associated with continuing to skate in a rink with readily observable traffic cones on the skating rink's surface (*id.*; *see also Flores v City of New York*, 266 AD2d 148 [1999]). Concur—Tom, J.P., Friedman, Sullivan, Gonzalez and Catterson, JJ.