■ CINDY SCHULMAN et al., Respondents, v OLD NAVY/THE GAP, INC., Appellant. [845 NYS2d 341]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered January 25, 2007, which denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

While the issue whether a condition is a hazard or open and obvious is usually a question of fact, a court may determine the condition to be open and obvious "when the established facts compel that conclusion" (*Tagle v Jakob*, 97 NY2d 165, 169 [2001]). Here, the condition of which plaintiff complains, a metal bracket on a clothing rack in defendant's store, was open and obvious and not inherently dangerous (*see e.g. Gafner v Chelsea Piers, L.P.*, 27 AD3d 353 [2006], *lv denied* 8 NY3d 802 [2007]).

Even if, as plaintiff contends, the bracket was covered with clothing, plaintiff knew it was there, and indeed would not have seen the brackets, obscured or not, given her description of how the accident occurred. We emphasize that the bracket plaintiff struck—covered, as she claims, by some clothing—must be viewed in the context of a series of racks placed vertically and horizontally equidistant from each other. Therefore, even though plaintiff claims she did not see the bracket just before coming in contact with it, as a matter of law, this does not bespeak any negligence on defendant's part. Indeed, a court is not "precluded from granting summary judgment to a landowner on the ground that the condition complained of by the plaintiff was both open and obvious *and, as a matter of law, was not inherently dangerous*" (*Cupo v Karfunkel*, 1 AD3d 48, 52 [2003]; *see also Brown v Basics USA*, 3 AD3d 546 [2004] [mannequin on which plaintiff allegedly tripped was readily observable and not an inherently dangerous condition]; *compare Mauriello v Port Auth. of N.Y. & N.J.*, 8 AD3d 200, 200 [2004] [condition which is ordinarily apparent may be rendered a trap where condition is obscured or plaintiff's attention is otherwise distracted]).

Here, plaintiff admitted that she knew the bracket was there, and indeed its presence, even if obscured, was obvious because of the presence of like brackets and racks throughout the store. Plaintiff's reliance on *Centeno v Regine's Originals* (5 AD3d 210 [2004]) is misplaced. There, the plaintiff tripped and fell while attempting to step over a pile of clothing covering the rectangular base of a clothing rack. The plaintiff in *Centeno* was unaware, unlike this plaintiff, that there was anything beneath the clothing. Concur—Mazzarelli, J.P., Marlow, Sullivan, Gonzalez and McGuire, JJ.