■ JOHN PINTO, Appellant, v SELINGER ICE CREAM CORP., Respondent. [850 NYS2d 70]—

Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered October 11, 2006, which, in an action for personal injuries sustained when plaintiff walked into a forklift parked in front of defendant's premises, granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

For present purposes, we accept plaintiff's description of the accident site as a "public sidewalk" over defendant's description of it as a "driveway." Plaintiff testified at deposition that he was very familiar with the premises, including defendant's custom of parking the forklift on the sidewalk, which defendant

used as a driveway and loading bay in its ice cream distribution business. Turning the corner, plaintiff saw the forklift from 100 feet away. As he walked closer, he heard someone call to him from across the street, and turned his head toward the voice, whereupon he walked squarely into the forklift, and fell. It further appears that the forklift was bright yellow. Such circumstances establish, prima facie, that the forklift was readily observable by the reasonable use of one's senses, and that plaintiff's inattention was the sole proximate cause of the accident (*see Connor v Taylor Rental Ctr.*, 278 AD2d 270 [2000]). Plaintiff's deposition testimony that the sidewalk was cluttered with crates is inconsistent with his other deposition testimony that he "really didn't notice anything" other than the forklift and another parked vehicle, which he could only say was either a car or a truck, and was properly rejected by the motion court as a "generic statement . . . calculated to create a feigned issue" (*see Rosario v Sebco I. Assoc.*, 305 AD2d 307 [2003]). We have considered the affidavit of plaintiff's expert and, like the motion court, find it speculative and otherwise lacking probative value (*see Wong v Goldbaum*, 23 AD3d 277, 279-280 [2005]). Plaintiff's claim that defendant's parking of the forklift on the sidewalk was a violation of Vehicle and Traffic Law § 1202 (a) (1) (b), which prohibits the parking of a "vehicle" on a sidewalk, was not raised either in the complaint or bill of particulars, and we decline to consider it (*see Hassan v Bellmarc Prop. Mgt. Servs., Inc.*, 12 AD3d 197, 198 [2004]). Concur—Lippman, P.J., Saxe, Nardelli, Williams and Moskowitz, JJ.