■ DONNELL HOLLIMAN, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [892 NYS2d 316]—

Plaintiff was injured in an attempt to extinguish a fire that broke out on the stove in her kitchen after she had been cooking. She became alerted to the fire by a burning, smoky odor,

rather than by the smoke alarm defendant had installed in the apartment, which apparently was not activated by the fire. After plaintiff tried twice to extinguish the fire, she and all the other occupants evacuated the apartment and reached an area of safety physically unharmed. However, plaintiff reentered the apartment to try a third time to extinguish the still burning fire, and it was then that she was injured.

Defendant established that, despite the purported failure of the properly installed smoke detector (*see* Administrative Code of City of NY § 27-2045 [a] [1]) to alert plaintiff to the fire, plaintiff and her family exited the apartment without injury, and that the sole proximate cause of plaintiff's injuries was her reentering the apartment and attempting again to extinguish the fire when, by her own admission, she had no means of doing so (*see e.g. Egan v A.J. Constr. Corp.*, 94 NY2d 839 [1999]; *Pinto v Selinger Ice Cream Corp.*, 47 AD3d 496 [2008]). Given plaintiff's conduct, we need not consider plaintiff's amendment of her notice of claim. Concur—Mazzarelli, J.P., Andrias, Saxe, Catterson and Acosta, JJ.