■ Dwayne Fuller, Appellant, v PSS/WSF Housing Company, L.P., et al., Respondents. [893 NYS2d 547]—

Appeal from order, Supreme Court, Bronx County (Howard R. Silver, J.), entered February 9, 2009, which, in an action for personal injuries allegedly sustained when plaintiff tripped in the dirt area of a tree well cut out of a public sidewalk and fell into the tree, granted defendants' motions for summary judgment, deemed to be an appeal from judgment, same court and Justice, entered May 15, 2009 (CPLR 5501 [c]), dismissing the complaint, and so considered, said judgment unanimously affirmed, without costs.

Defendants established their prima facie entitlement to summary judgment by submitting, inter alia, plaintiff's deposition testimony that, while jogging to catch a bus, he looked over his left shoulder to see the bus, at which point he tripped in the dirt area of the tree well; plaintiff was aware of the presence of the tree before he started jogging. In opposition, plaintiff failed to raise a triable issue of fact as to whether defendants' adjacent construction fence, which, in accordance with the permit issued by the City was five feet from the curb of the sidewalk, constituted a hazard, or had any role in the accident. The motion court properly held that the tree area was not part of the sidewalk for purposes of tort liability under Administrative Code of City of NY § 7-210 (*see Vucetovic v Epsom Downs, Inc.*, 10 NY3d 517, 521 [2008]). Furthermore, even assuming that defendants' use of the fence constituted a "special use," plaintiff did not present any evidence showing that anything other than his own inattention was the proximate cause of his accident, or that the presence of the fence had an impact upon his actions (*see Taubenfeld v Starbucks Corp.*, 48 AD3d 310 [2008], *lv denied* 10 NY3d 713 [2008]; *Pinto v Selinger Ice Cream Corp.*, 47 AD3d 496 [2008]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Friedman, J.P., Catterson, Acosta, DeGrasse and Abdus-Salaam, JJ.