■ SYDELLE LAZAR et al., Respondents, v BURGER HEAVEN et al., Appellants. [931 NYS2d 296]—

Defendants established their prima facie entitlement to judgment as a matter of law. Defendants submitted evidence showing that the chair was an open and obvious condition and not inherently dangerous (*see Matthews v Vlad Restoration Ltd.*, 74 AD3d 692 [2010]; *Schulman v Old Navy/Gap, Inc.*, 45 AD3d 475 [2007]). Defendants also demonstrated that the placement of the café's chairs on the sidewalk was in compliance with 34 RCNY 2-10 (c) (1), which provides that "[e]ight feet or one-half the sidewalk width, whichever is greater, shall be maintained by the permittee for unobstructed pedestrian passage."

In opposition, plaintiffs failed to raise a triable issue of fact. Indeed, plaintiff admitted to having previously observed the alleged condition and does not maintain that the condition was obscured (*compare Centeno v Regine's Originals*, 5 AD3d 210 [2004]). Concur—Tom, J.P., Saxe, Moskowitz, DeGrasse and Abdus-Salaam, JJ.