12-1322-cv (L)
Matteo v. Kohl's Dep't Stores, Inc. et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of July, two thousand thirteen.

PRESENT:
> RALPH K. WINTER,
> GERARD E. LYNCH,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

————————————————————

ZORA MATTEO,

> *Plaintiff-Appellant-Cross-Appellee*,

v.

Nos. 12-1322-cv;
12-4489-cv; 12-1324-cv

KOHL'S DEPARTMENT STORES, INC.,
KOHL'S ILLINOIS, INC.,

> *Defendants-Appellees-Cross-Appellants*.

————————————————————

FOR APPELLANT:     JOHN V. DECOLATOR, Garden City, N.Y. (Charles M. Arnold, Lerner, Arnold & Winston, LLP, New York, N.Y., *on the brief*).

FOR APPELLEES:     CHARLES T. GLAWS, Gruvman, Giordano & Glaws, LLP, New York, N.Y.

Appeal and cross-appeal from a judgment of the United States District Court for the Southern District of New York (Richard J. Sullivan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Zora Matteo appeals from the district court's March 6, 2012 order awarding summary judgment to defendants Kohl's Department Stores, Inc. and Kohl's Illinois, Inc. (collectively, "Kohl's"), and denying her request for an adverse inference instruction. She also appeals from the district court's October 19, 2012 order awarding her fees and costs incurred in connection with her motion for spoliation sanctions, contending that the district court erred when it awarded only $10,686.60 of the $68,827.10 she requested. Kohl's cross-appeals from the district court's orders insofar as they found Matteo entitled to spoliation sanctions and awarded her any fees and costs. We assume the parties' familiarity with the underlying facts and procedural history.

We review the district court's grant of summary judgment de novo, resolving all ambiguities and drawing all reasonable inferences in Matteo's favor. See Townsend v. Benjamin Enters., Inc., 679 F.3d 41, 47 (2d Cir. 2012). An award of summary judgment is proper only if "there is no genuine dispute as to any material fact" and movants are "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir. 2003). An independent review of the record confirms the district court's conclusion that the display rack and caster wheel over which Matteo allegedly tripped were open and obvious and not inherently dangerous. See Matteo v. Kohl's Dep't Stores, Inc., No. 09 Civ. 7830 (RJS), 2012 WL 760317, at * 8 (S.D.N.Y. Mar. 6, 2012). The photographic evidence unequivocally establishes that they were "readily observable by those employing the reasonable

2

use of their senses," Pinero v. Rite Aid of N.Y., Inc., 743 N.Y.S.2d 21, 23 (1st Dep't 2002) (internal quotation marks omitted). See Casamassa v. Waldbaum's Inc., 714 N.Y.S.2d 352, 353 (2d Dep't 2000) (defendant store not liable to plaintiff who "caught her foot on the bottom of a rack positioned against a wall adjacent to the cashier's lane as she was exiting the defendant's supermarket" because "the rack was readily observable by the reasonable use of one's senses"); Chiranky v. Marshalls, Inc., 708 N.Y.S.2d 699, 700 (2d Dep't 2000) (defendant store not liable to plaintiff who "fell when her foot got caught on the bottom rail of a mobile clothes rack located in an aisle in the defendant's department store" because the "rack was readily observable by the reasonable use of one's senses"); Reuscher v. Pergament Home Ctrs., Inc., 669 N.Y.S.2d 232, 233 (2d Dep't 1998) (defendant store not liable to plaintiff who tripped over "display and its legs [that] were readily observable by a reasonable use of one's senses").

Matteo does not assert that the display rack and its wheel were in any way obscured from view. See Beck v. Bethpage Union Free Sch. Dist., 919 N.Y.S.2d 192, 194 (2d Dep't 2011) (trial court properly denied defendant store's motion for summary judgment where plaintiff allegedly tripped over the wheel of a book cart that jury could find "mostly obstructed from the view of a person walking down the aisle in the same direction as the injured plaintiff"); Westbrook v. WR Activities-Cabrera Mkts, 773 N.Y.S.2d 38, 40-41 (1st Dep't 2004) (jury could determine that box over which plaintiff fell when rounding a corner had not been visible as plaintiff approached and therefore was not open and obvious); Thornhill v. Toys R Us NYTEX, Inc., 583 N.Y.S.2d 644, 645 (3d Dep't 1992) (jury could conclude that platform over which plaintiff tripped was blocked from plaintiff's view by shopping carts and display racks and was therefore not open and obvious). Moreover, a large and obvious display rack with a wheel at its

3

base protruding no more than a few inches cannot be deemed inherently dangerous, and no reasonable jury could conclude that Kohl's violated its "general duty of care," Payne v. United States, 359 F.3d 132, 138 (2d Cir. 2004), by using and placing the rack as it did. See Schulman v. Old Navy/The Gap, Inc., 845 N.Y.S.2d 341, 342 (1st Dep't 2007) ("[E]ven though plaintiff claims she did not see the bracket just before coming in contact with it, as a matter of law, this does not bespeak any negligence on defendant's part.").

We also find no error in the district court's award of $10,686.60 in costs and fees as a sanction for spoliation. A district court has wide latitude to impose discovery sanctions, and we review its decision to do so for abuse of discretion. Chin v. Port Auth. of N.Y. & N.J., 685 F.3d 135, 162 (2d Cir. 2012). A district court abuses its discretion when it "base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." Residential Funding Corp. v. DeGeorge Fin. Corp., 306 F.3d 99, 107 (2d Cir. 2002) (internal quotation marks omitted). The record fully supports the district court's conclusions that cameras are ordinarily trained on the area in which Matteo fell, that Kohl's presented no admissible evidence suggesting that cameras were not trained on that area at the time of the accident, that Kohl's had an obligation to preserve any relevant footage, and that it violated its own internal policies in failing to do so. In light of these reasonable conclusions, the district court did not abuse its discretion by imposing sanctions on Kohl's. See Reilly v. NatWest Mkts. Grp. Inc., 181 F.3d 253, 267-68 (2d Cir. 1999) (holding that trial judges have wide discretion to impose sanctions for spoliation even in cases not involving "outrageous culpability").

Nor did the district court abuse its wide discretion in determining the nature and amount of sanctions. See Sieck v. Russo, 869 F.2d 131, 134 (2d Cir. 1989) ("We . . . prefer to . . .

4

provide the teeth to enforce discovery orders by leaving it to the district court to determine which sanction from among the available range is appropriate."). The district court was in the best position "to assess the skill of the attorneys and the amount of time reasonably needed to litigate" the relevant motion, Chambless v. Masters, Mates & Pilots Pension Plan, 885 F.2d 1053, 1057-58 (2d Cir. 1998), and we find no clear error in its careful analysis of the relevant facts.

Finally, because we affirm the grant of summary judgment, there will be no trial, and the district court's denial of Matteo's request for an adverse inference instruction is therefore moot. Moreover, the possibility of such an instruction – or the probability that with or without an instruction Matteo might have argued to the jury that a videotape of the accident, had it been preserved, would support her version of events (namely, that she tripped over the wheel of a display rack that protruded six to twelve inches further into the aisle than the display rack at which she had been browsing) – does not affect our summary judgment analysis, as we are in any event required to accept as true plaintiff's plausible account of the accident in evaluating the district court's grant of summary judgment.

We have considered all of the parties' remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5