■ PETER BOCK, Appellant, v LOUMARITA REALTY CORPORATION, Also Known as LOU MARIA REALTY CORP., et al., Respondents. [988 NYS2d 156]—

Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered August 27, 2013, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered January 27, 2014, which, to the extent appealable, denied plaintiff's motion to renew the prior motion, unanimously dismissed, without costs, as abandoned.

Defendants made a prima facie showing of entitlement to summary judgment based upon plaintiff's testimony that he fell on a sidewalk that was slippery when wet, during a period of

heavy rain, defendants' lack of prior notice of a dangerous condition, and an expert opinion that there was no defect in the area of the fall. In opposition, plaintiff failed to raise a triable issue of fact (*see e.g. Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

The mere fact that a sidewalk is "inherently slippery" by reason of its smoothness or becomes more slippery when wet does not constitute an actionable defect (*see Waiters v Northern Trust Co. of N.Y.*, 29 AD3d 325 [1st Dept 2006]; *Wasserstrom v New York City Tr. Auth.*, 267 AD2d 36 [1st Dept 1999], *lv denied* 94 NY2d 761 [2000]; *Phillips v 630 McKinley Sq. Corp.*, 285 App Div 18 [1st Dept 1954]). Plaintiff's expert's finding lacked probative force and failed to raise a triable issue of fact as to the existence of a defective or dangerous condition in the absence of any assertion of a violation of a specific, applicable industry standard which contributed to the accident (*see Scivoletti v New York Mercantile Exch., Inc.*, 38 AD3d 326 [1st Dept 2007], *lv denied* 9 NY3d 802 [2007]).

Plaintiff's conclusory claim that a violation of 6 RCNY 2-55 (a)'s provision, concerning the maximum height for removable railings separating unenclosed sidewalk cafés contributed to his injuries fails to raise a triable issue of fact (*cf. D'Amico v Archdiocese of N.Y.*, 95 AD3d 601 [1st Dept 2012]). Likewise, plaintiff's claim, even if preserved, that the condition of the sidewalk violated Administrative Code of City of NY § 19-152 (a), is unavailing. He failed to establish a causal relationship between the condition of the concrete patchwork, adjacent to the location of the fall, and the accident, and his claim that granite constituted an "unapproved non-concrete material" is unsupported. Concur—Mazzarelli, J.P., Friedman, Saxe and Feinman, JJ.