# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**277**

**CA 15-00759**

PRESENT: WHALEN, P.J., CENTRA, CARNI, DEJOSEPH, AND TROUTMAN, JJ.

---

SHARON JORDAN-PARKER AND CLARK PARKER,
PLAINTIFFS-APPELLANTS,

V                                          MEMORANDUM AND ORDER

CITY OF BUFFALO, ET AL., DEFENDANTS,
AND DESTRO & BROTHERS CONCRETE COMPANY, INC.,
DEFENDANT-RESPONDENT.
(APPEAL NO. 1.)

---

LAW OFFICES OF EUGENE C. TENNEY, PLLC, BUFFALO (NATHAN C. DOCTOR OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.

RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (ALYSSA L. JORDAN OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered February 25, 2015. The order granted the motion of defendant Destro & Brothers Concrete Company, Inc., for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Sharon Jordan-Parker (plaintiff) when she tripped and fell over the base of a construction sign that had been placed on the sidewalk near the corner of South Park Avenue and Dorrance Avenue in Buffalo. The sign had been used in connection with a construction project undertaken by defendant City of Buffalo (City). Defendant Destro & Brothers Concrete Company, Inc. (Destro) was the general contractor and defendant DiDonato Associates, P.E., P.C. (DiDonato) was the consultant engineer on the project. Destro moved for summary judgment dismissing the complaint against it, and DiDonato and the City moved for summary judgment dismissing the complaint and cross claims against them. Supreme Court, in separate orders, granted the motions of Destro (appeal No. 1), DiDonato (appeal No.2), and the City (appeal No. 3). We affirm in all three appeals.

Defendants met their initial burden on their respective motions of establishing as a matter of law that the condition that caused plaintiff's injury was open and obvious and not inherently dangerous (*see Koepke v Deer Hills Hardware, Inc*. 118 AD3d 957, 958). Defendants submitted, inter alia, the deposition of plaintiff, wherein

she testified that she noticed the base of the sign immediately before she fell (*see Kaufmann v Lerner N.Y., Inc.*, 41 AD3d 660, 661; *Connor v Taylor Rental Ctr.*, 278 AD2d 270, 270), and photographs of the accident scene showing that there was sufficient room on the sidewalk to allow pedestrians to avoid the base of the sign (*see Lazar v Burger Heaven*, 88 AD3d 591, 591).  In opposition to the motion, plaintiffs asserted that defendants failed to comply with regulations applicable to the project, but their unsubstantiated and nonspecific assertions in that regard were insufficient to raise a triable issue of fact (*see generally Matthews v Vlad Restoration Ltd.*, 74 AD3d 692, 693).

Entered:  March 25, 2016                          Frances E. Cafarell
                                                  Clerk of the Court