■ EVLIN RUIZ et al., Appellants, v 221-223 E. 28TH ST., LLC, Respondent. [39 NYS3d 431]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered December 15, 2015, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

In support of its motion, defendant submitted evidence that, at the time of plaintiff's accident, there were at least 30 garbage bags piled in three rows about five feet high near a fire hydrant on the sidewalk in front of defendant's building. The bags were "unopened" and "tightened," and there was enough room on the sidewalk for at least one person to pass by, unobstructed. Plaintiff's foot caught on one of the bags, she tripped forward, and she then slipped on what she believed was water, falling forward and injuring her arm.

The foregoing establishes defendant's prima facie entitlement to summary judgment, on the ground that the garbage bags constituted an open and obvious condition and were not inherently dangerous (see Lazar v Burger Heaven, 88 AD3d 591, 591 [1st Dept 2011]; Bisogno v 333 Tenants Corp. Co-Op, 72 AD3d 555, 556 [1st Dept 2010]; Rogers v Spirit Cruises, 195 Misc 2d 335, 336 [App Term, 1st Dept 2003]).

Plaintiffs failed to raise any issue of fact in opposition. The allegation that the sidewalk was wet, causing plaintiff to slip after her initial trip over a garbage bag, does not render defendant liable, absent evidence that defendant created or had notice of any dangerous condition caused by the wetness (see Bock v Loumarita Realty Corp., 118 AD3d 540, 541 [1st Dept 2014]; Waiters v Northern Trust Co. of N.Y., 29 AD3d 325, 326

[1st Dept 2006]; *cf. Torres v New York City Hous. Auth.*, 118 AD3d 540, 540 [1st Dept 2014] [plaintiff slipped on "greasy liquid" leaking from garbage bags]). Plaintiff's contention that the water must have leaked out one of the bags is unsupported by the record and is purely speculative (*see Acunia v New York City Dept. of Educ.*, 68 AD3d 631, 632 [1st Dept 2009]). Plaintiff's contention that she tripped on a "protrusion" from one of the garbage bags likewise finds no support anywhere in the record. Concur—Friedman, J.P., Andrias, Saxe, Feinman and Kahn, JJ.