# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1036**
**CA 16-01066**
PRESENT: SMITH, J.P., CENTRA, PERADOTTO, LINDLEY, AND CURRAN, JJ.

---

RENEE WANTUCK, INDIVIDUALLY, AND AS PARENT AND
NATURAL GUARDIAN OF TYLER BOCHENSKI, AN INFANT,
PLAINTIFF-APPELLANT,

V                                          MEMORANDUM AND ORDER

CITY OF BUFFALO, DEFENDANT-RESPONDENT.

---

LAW OFFICES OF JAMES MORRIS, BUFFALO (JACLYN F. SILVER OF COUNSEL),
FOR PLAINTIFF-APPELLANT.

TIMOTHY A. BALL, CORPORATION COUNSEL, BUFFALO (DAVID M. LEE OF
COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Shirley Troutman, J.), entered September 3, 2015. The order granted the motion of defendant for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff, individually and as parent and natural guardian of her son, commenced this negligence action seeking damages for injuries sustained by her son when he struck a trash receptacle located on a sidewalk after he lost control and fell off of a bicycle that he had been riding on the street. We conclude that Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint. Defendant met its initial burden of establishing as a matter of law that the trash receptacle constituted an "open and obvious" condition, and that it was not "inherently dangerous" (*Jordan-Parker v City of Buffalo*, 137 AD3d 1751, 1752; *see Jones v City of New York*, 32 AD3d 706, 706-707), and plaintiff failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

Entered:  November 18, 2016                    Frances E. Cafarell
                                               Clerk of the Court