Stadler v Lord & Taylor LLC (2018 NY Slip Op 06861)





Stadler v Lord & Taylor LLC


2018 NY Slip Op 06861


Decided on October 16, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 16, 2018

Renwick, J.P., Tom, Gesmer, Singh, JJ.


7340 160479/15

[*1]Sydelle Stadler, Plaintiff-Respondent,
v
Lord & Taylor LLC, Defendant-Appellant.


Wilson, Elser, Moskowitz, Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for appellant.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for respondent.



Order, Supreme Court, New York County (Kathryn E. Freed, J.), entered November 1, 2017, which, insofar as appealed from, denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendant failed to establish entitlement to judgment as a matter of law in this action for personal injuries sustained when plaintiff tripped on the leg of a clothing rack in defendant's store. The deposition testimony of plaintiff and her husband conflicts with that of defendant's sales associate as to how the accident happened and such conflicting testimony precludes granting defendant's motion (see Nyala C. v Miniventures Child Care Dev. Ctr., Inc., 133 AD3d 467 [1st Dept 2015]).
There is no duty to warn of an open and obvious danger that can be seen by an "observer reasonably using his or her senses" (Tagle v Jakob, 97 NY2d 165, 170 [2001]). "Because of the factual nature of the inquiry, whether a danger is open and obvious is most often a jury question" (see Liriano v Hobart Corp., 92 NY2d 232, 242 [1998]). Here, defendant failed to show that the leg of the clothing rack that caused the accident was open and obvious and not inherently dangerous as a matter of law. Plaintiff testified that she could only see two racks ahead of her as she pushed her way through clothes when she tripped on the leg from one of the racks and that she did not see it before she fell (see Centeno v Regine's Originals, 5 AD3d 210, 211 [1st Dept 2004]). The photographs in the record are insufficient to establish defendant's burden to show that the leg of the clothing rack was an open obvious risk that was readily observable or that the premises was kept in a reasonably safe condition, because the deposition testimony establishes that none of them accurately depict the accident location as it appeared when plaintiff fell (see Melendez v New York City Tr. Auth., 196 AD2d 460, 461 [1st Dept 1993]).
Defendant further failed to meet its burden to establish that its employees did not cause or create the condition by placing the store's clothing racks too close together with enough [*2]merchandise on them to make it difficult for customers such as plaintiff to be able see the clothing rack's leg sticking out into the aisle. Its sales associate testified that it was defendant's employees who placed the racks at the accident location before plaintiff fell.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 16, 2018
CLERK