Leung v Madison St. Partners, LLC (2022 NY Slip Op 01967)





Leung v Madison St. Partners, LLC


2022 NY Slip Op 01967


Decided on March 22, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 22, 2022

Before: Renwick, J.P., Manzanet-Daniels, Singh, Kennedy, Scarpulla, JJ. 


Index No. 157788/18 Appeal No. 15562 Case No. 2021-02384 

[*1]King Leung, et al., Plaintiffs-Appellants,
v
Madison Street Partners, LLC, et al., Defendants-Respondents.


Friedman, Levy, Goldfarb & Green, P.C., New York (Michael D. Ricchiuto of counsel), for appellants.
Koster, Brady & Nagler, LLP, New York (Warren S. Koster of counsel), for respondents.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered March 8, 2021, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff King Leung was allegedly injured when he tripped and fell on a plastic tie that had been used to close a garbage bag; the bag had been placed on the sidewalk adjacent to the premises owned by defendant Madison Street Partners, LLC and leased to defendant Lee Chung CafÉ.
Defendants established prima facie entitlement to summary judgment. The photographs in the record, taken by plaintiff's wife immediately after the accident, established that the garbage bags, which were next to the curb, were readily observable and not inherently dangerous, as were the red plastic ties on the bags (see Ruiz v 221-223 E 28th St., LLC, 143 AD3d 553, 553 [1st Dept 2016]; see also Broodie v Gibco Enters., Ltd., 67 AD3d 418, 418 [1st Dept 2009]). Plaintiff testified that he saw the bags before the accident, and no evidence suggests that the bags were obscured, since according to the testimony, the day of the accident was bright and sunny. The photographic evidence, which plaintiff testified was a fair and accurate representation of the scene (see Alcantara v New York City Tr. Auth., 140 AD3d 808, 809 [2d Dept 2016]), also showed that there was ample room on the sidewalk for plaintiff to have avoided the bags had he so chosen; however, plaintiff testified that he walked directly next to the garbage bags rather than asking people on the sidewalk to move out of his way.
The court correctly found that plaintiffs failed to present evidence sufficient to raise a triable issue of fact. Although plaintiffs alleged that intermingling of commercial and household trash contributed to the accident, they offered no evidence showing a connection between the two. Similarly, plaintiffs offered evidence that defendants had received a prior notice of violation from the City of New York; however, that violation related to a condition for loose cardboard scattered on the sidewalk, which had nothing to do with plaintiff's accident.
We have considered plaintiffs' remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 22, 2022