Gynegrowski v Mount Sinai St. Luke's Roosevelt Hosp. (2025 NY Slip Op 01289)

Gynegrowski v Mount Sinai St. Luke's Roosevelt Hosp.

2025 NY Slip Op 01289

Decided on March 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 06, 2025

Before: Kern, J.P., Mendez, Rodriguez, Pitt-Burke, Higgitt, JJ. 

Index No. 157968/20|Appeal No. 3832|Case No. 2024-02348|

[*1]Kevin Gynegrowski, et al., Plaintiffs-Respondents-Appellants,
v
Mount Sinai St. Luke's Roosevelt Hospital, Defendant-Appellant-Respondent.

Ahmuty, Demers & McManus, Albertson (Frank J. Wenick of counsel), for appellant-respondent.
Nguyen Leftt, PC, New York (Stephen D. Chakwin, Jr., of counsel), for respondents-appellants.

Order, Supreme Court, New York County (Eric Schumacher, J.), entered March 15, 2024, which, to the extent appealed from as limited by the briefs, denied defendant's motion for summary judgment dismissing the complaint and denied plaintiffs' cross-motion for summary judgment as to liability and dismissing the second and seventh affirmative defenses, unanimously affirmed, without costs.
Defendant hospital demonstrated prima facie, through affidavits of two members of the housekeeping staff who were on duty at the time of plaintiff EMT's accident, that it did not have actual or constructive notice of the pile of bleach wipes on the floor, but it did not eliminate issues of fact as to whether that alleged slippery condition was caused or created by hospital staff (see Velocci v Stop and Shop, 188 AD3d 436, 439 [1st Dept 2020]). Accordingly, defendant's motion was properly denied "regardless of the sufficiency of the opposing papers" (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
Plaintiffs also did not establish entitlement to summary judgment on the issue of liability. There are issues of fact as to whether the condition described by plaintiff existed and, if so, how the bleach wipes came to be on the floor, and whether defendant exercised reasonable care in maintaining the premises "in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others" (Basso v Miller, 40 NY2d 233, 241 [1976] [internal quotation marks omitted]; see Pomahac v TrizecHahn 1065 Ave. of Americas, LLC, 65 AD3d 462, 465-466 [1st Dept 2009]).
The court properly denied plaintiffs' motion to dismiss defendant's affirmative defense of comparative fault and the related defense of "open and obvious" condition. The issue of whether the alleged dangerous condition of a pile of bleach wipes was open and obvious, meaning that "[a]ny observer reasonably using his or her senses would see" the condition (Tagle v Jakob, 97 NY2d 165, 170 [2001]), is fact specific and goes to the issue of comparative fault (see Centeno v Regine's Originals, 5 AD3d 210, 211 [1st Dept 2004]; Saretsky v 85 Kenmare Realty Corp., 85 AD3d 89, 92 [1st Dept 2011]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 6, 2025