Cartelli v Cycle Power Inc. (2025 NY Slip Op 51342(U))

[*1]

Cartelli v Cycle Power Inc.

2025 NY Slip Op 51342(U)

Decided on August 13, 2025

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 13, 2025
Supreme Court, Kings County

Matthew J. Cartelli, Plaintiff,

against
Cycle Power Inc. d/b/a Crossbay Honda Suzuki, Defendant.

Index No. 523590/2022

Gerber Ciano Kelly Brady LLP, Garden City (Jeffrey Migdalen of counsel), for plaintiff.
David Horowitz, P.C., New York City (David J. Fischman of counsel), for defendant.

Aaron D. Maslow, J.

The following numbered papers were used on this motion: NYSCEF Document Numbers 44-52, 56-60, 63.
Upon the foregoing papers and having heard oral argument on the record, the within motion of Defendant seeking summary judgment and dismissal of Plaintiff's complaint is determined as follows.
Background
Defendant Cycle Power Inc. d/b/a Crossbay Honda Suzuki ("Defendant") owns and operates a motorcycle dealership with a showroom and offices, a service department, and a storage shed (also denoted as a garage) located at 164-01 Cross Bay Boulevard, Howard Beach, New York. Plaintiff Matthew J. Cartelli ("Plaintiff") purchased a motorcycle from Defendant, and entered the premises on October 20, 2021, to collect the bike. While on the property, Plaintiff sustained injuries to his right thumb and right knee when he tripped and fell over the blades of a forklift situated in Defendant's storage shed.
After finalizing the transaction inside the dealership showroom, Plaintiff exited the building and found his motorcycle waiting for him on the sidewalk "finished and prepped." As Plaintiff approached, he saw one of Defendant's employees polishing his bike. However, he alleges that he saw leftover polish on the motorcycle and requested a rag from the employee to wipe off the excess wax. Plaintiff asserts that the employee signaled that he should follow him into the storage shed.
Plaintiff asserts that there were no signs or chains indicating that customers were prohibited from entering the area and, as a result, he followed Defendant's employee. Plaintiff alleges that, at the time of the incident, the forklift was parked with its blades facing to the left, while Plaintiff entered from the right. Although he could see the machine, he did not recognize it as a forklift. He further observed various materials and tools scattered throughout the area. Nonetheless, there appeared to be a clear walking path to the left of the machine, which Defendant's employee had utilized. While following the employee and proceeding along that same path through the garage, Plaintiff did not observe the employee step over or avoid the blades, which were elevated several inches off the ground and protruding into the walkway. Plaintiff further contends that the blades were not visible due to the number of items surrounding the machine, which obstructed his view. Upon entering the shed, Plaintiff tripped over the nearest blade and sustained lacerations to his hand and leg.
Defendant's employee who was present during the accident, Herman Zavala, was unable to appear for a deposition due to a medical disability. Instead, Defendant was represented in deposition testimony by Salvatore Cirasola ("Cirasola"), co-owner of Cross Bay Motorsports. Though Cirasola was on the premises the day of the accident, he did not witness the fall and only responded to the scene after the fact. Contrary to Plaintiff's account, Cirasola alleged that at the time of the accident, the forklift was parked with the blades facing toward the back of the garage, not to the left. Additionally, Cirasola asserted that the employee told him that Plaintiff was not invited to enter the shed for a rag but entered on his own accord to give the employee a tip for polishing the motorcycle.
Defendant moves pursuant to CPLR 3212 for summary judgment, seeking dismissal of Plaintiff's complaint in its entirety. While acknowledging that Plaintiff was a business invitee owed a duty of care, Defendant argues there was no obligation to protect against or warn of a condition that was open, obvious, and not inherently dangerous. Defendant asserts that forklifts, regardless of the position of their prongs, are not considered inherently dangerous, are easily observable, and do not present hidden hazards. Additionally, it maintains that landowners have no duty to warn of conditions that are open and obvious or inherent to the nature of the property. Because Plaintiff has not demonstrated that the condition was actually dangerous, Defendant contends it is entitled to summary judgment.
Plaintiff argues that a condition typically considered open and obvious may still constitute a trap depending on the circumstances at the time of the accident. Whether the condition was observable through reasonable use of the senses is a question for the jury, maintains Plaintiff. Plaintiff further contends that an open and obvious condition does not preclude liability but instead goes to comparative negligence. Plaintiff also asserts that Defendant has failed to meet its burden on summary judgment, which requires showing that the condition was both open and obvious and not inherently dangerous under the circumstances. Because Defendant was unable to produce the employee for deposition to testify on this issue, it has not satisfied that burden. Plaintiff maintains that factual questions remain — such as whether the blades were open and obvious, whether the condition is inherent to the business, and whether a reasonable person should have perceived the danger — and these issues must be resolved by the jury.

Discussion
Summary judgment is a drastic remedy that should be granted only if no triable issues of fact exist and the movant is entitled to judgment as a matter of law (see Alvarez v Prospect [*2]Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Andre v Pomeroy, 35 NY2d 361, 364 [1974]). The party moving for summary judgment must present a prima facie case of entitlement to judgment as a matter of law, tendering sufficient evidence in admissible form demonstrating the absence of material issues of fact, and the failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers (see CPLR 3212 [b]; Smalls v AJI Industries, Inc., 10 NY3d 733 [2008]; Alvarez v Prospect Hosp., 68 NY2d at 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853). Once a prima facie showing has been made, however, the burden shifts to the nonmoving party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact that require a trial for resolution or tender an acceptable excuse for the failure to do so; mere expressions of hope are insufficient to raise a genuine issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 560 [1980]). If there is any doubt as to the existence of a triable issue of fact, the motion for summary judgment must be denied (see Rotuba Extruders, Inc. v Ceppos, 46 NY2d 223, 231 [1978]). On a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party (see Bazdaric v Almah Partners LLC, 41 NY3d 310, 314 [2024]).
As Plaintiff was on Defendant's property to complete the purchase of a motorcycle, it is undisputed that he was a business invitee on the premises. In New York, a property owner has a legal duty to exercise reasonable care to maintain its property in a safe condition under all of the circumstances, including the likelihood of injury to others, the seriousness of the potential injuries, the burden of avoiding the risk, and the foreseeability of a potential plaintiff's presence on the property (see Mossberg v Crow's Nest Mar. of Oceanside, 129 AD3d 683 [2nd Dept 2015] quoting Groom v Village of Sea Cliff, 50 AD3d 1094, 1094 [2d Dept 2008] & citing Basso v Miller, 40 NY2d 233, 241 [1976]).
While Defendant concedes that Plaintiff was a business invitee and was owed a duty of care, it contends that "a landowner has no duty to protect or warn against a condition that is open and obvious and not inherently dangerous" (Capio v U.S. Bank N.A., 234 AD3d 919 [2d Dept 2025]). In Capio, the plaintiff attempted to recover for injuries she sustained when she tripped and fell over a single-step riser in the defendant's foyer. The defendant was able to establish a prima facie entitlement to summary judgement by submitting evidence that the step was not inherently dangerous and was open and obvious. In the case at bar, Defendant asserts that its forklift was open and obvious and not inherently dangerous.
Defendant relies on Pinto v Selinger Ice Cream Corp. (47 AD3d 496 [1st Dept 2008]) to show that New York courts have consistently held that forklifts, regardless of whether their prongs are raised or lowered, do not constitute inherently dangerous conditions, are not traps for the unwary, and are readily observable. In Pinto, the First Department held that the defendant's forklift, which was colored bright yellow and was parked on a public sidewalk, was readily observable by the reasonable use of one's senses and established a prima facie entitlement to summary judgement. Defendant further relies on Connor v Taylor Rental Ctr. (278 AD2d 270 [2d Dept 2000]), involving a plaintiff who was injured from tripping over the raised prongs of a forklift parked in a marked stall in the defendant's lot, despite having seen and attempted to avoid it. The Court found that the forklift did not present an inherently dangerous condition or hidden hazard, as it was in plain view and readily observable through reasonable use of the senses.
Relying on the aforementioned cases, Defendant argues that, because its forklift is [*3]painted green and Plaintiff testified he saw it well enough to walk around it, the condition should be deemed open and obvious and not inherently dangerous. Additionally, Defendant believes that it has an even stronger case than in Pinto or Connor, because unlike the forklifts in those cases, Defendant's forklift was not located on a sidewalk or in a parking lot — areas where it would pose a greater risk to pedestrians — but was instead parked inside a storage shed, a space not intended for customer access.
Defendant concedes that the open and obvious nature of a condition is often a question of fact for the jury and can go toward the contributory negligence of the plaintiff. However, it cites to Schulman v Old Navy/Gap, Inc. (45 AD3d 475, 476 [1st Dept 2007], quoting Tagle v Jakob, 97 NY2d 165, 169 [2001]), which stated that "While the issue whether a condition is a hazard or open and obvious is usually a question of fact, a court may determine the condition to be open and obvious 'when the established facts compel that conclusion.' " In Schulman, the First Department made the determination that the clothing rack which the plaintiff walked into was so open and obvious (though covered with clothing) that the defendant was entitled to summary judgment. Defendant asks the Court to do the same in the case at bar.
Defendant also asserts that the presence of a forklift in the work shed of a motorcycle dealer is incidental to the nature of the property and easily anticipated. It cites as an example the Mossberg (129 AD3d 683 [2d Dept 2015]), where summary judgment dismissing the plaintiff's case was granted where the plaintiff, an experienced boatman, slipped and fell on a wet dock, as the slippery condition was deemed incidental to the nature of a dock and its proximity to a body of water. Here, Defendant believes that the presence of a forklift on the premises of a motorcycle dealer is incidental to the nature of the shop and does not constitute a dangerous condition.
In response, Plaintiff first argues that Defendant has failed to make out its prima facie entitlement to summary judgment as it failed to prove the condition was, in fact, open and obvious. Plaintiff cites, "A condition that is ordinarily apparent to a person making reasonable use of his or her senses may be rendered a trap for the unwary where the condition is obscured or the plaintiff is distracted" (Simon v Comsewogue Sch. Dist., 143 AD3d 695, 696 [2d Dept 2016]). In Simon, the Second Department denied summary judgment where a chain, though normally open and obvious, became a potential trap due to poor lighting and crowd conditions, leaving questions of fact for the jury. Similarly, Plaintiff here argues that while a forklift on the sidewalk, as in Pinto, may generally be open and obvious, its specific placement on the day of the accident could have rendered it a trap. These are material issues of fact which justify a finding of fact by the jury, maintains Plaintiff.
The Court is inclined to agree with Plaintiff in the instant case. Relying on Simon, the Court feels that Defendant failed to establish that the forklift was an open and obvious condition or not inherently dangerous as a matter of law. No evidence was provided to show that the forklift's positioning, with its blades extending into a pathway used by both a worker and Plaintiff, was visible or obvious at the time of the accident. Nor was there evidence that Plaintiff had an opportunity to see the condition beforehand. Unlike in Pinto, where the forklift was placed on the public sidewalk, Defendant's forklift was in its work shed surrounded by tools and materials. Defendant was unable to produce any testimony or affidavit from its employee who was the only other person present at the time of the accident to show that the blades were in fact clearly visible. Further, it provided no expert testimony which would prove that the condition of the forklift's blades in the shed was inherent to the property. As such, Defendant did not make a prima facie showing entitling it to summary judgment. The burden did not shift to Plaintiff to [*4]rebut it. Even if Defendant did establish a prima facie case on its motion, there are material issues of fact to be determined by the jury at trial.

Conclusion
Accordingly, it is hereby ORDERED that Defendant's motion seeking relief in the form of summary judgement in its favor and dismissing the complaint is DENIED.