Danisi v Diker A & V Contr. Corp.
2026 NY Slip Op 03755
June 16, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Andrea J. Danisi, Plaintiff-Respondent,
v
Diker A & Contracting Corp., Defendant-Appellant, Francisco Santos, Defendant.

Decided and Entered: June 16, 2026
Index No. 23056/16|Appeal No. 6901|Case No. 2025-06746|
Before: Webber, J.P., Kapnick, Gesmer, Rodriguez, Rosado, JJ.

Mauro Lilling Naparty, LLP, Woodbury (Andrew Ben Bandini of counsel), for appellant.
Lisa M. Comeau, Garden City, for respondent.

[*1]
Order, Supreme Court, Bronx County (Kim A. Wilson, J.), entered on August 8, 2025, which, to the extent appealed from, denied defendant Diker A & V Contracting Corp.'s motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Diker failed to demonstrate prima facie its entitlement to summary judgment. At the time of the incident, defendant Francisco Santos, an employee of Diker, was transporting drywall through the lobby of the building where plaintiff worked. Plaintiff's inability to recall exactly how she was injured by the drywall was insufficient for Diker to make out a prima facie case for summary judgment (see Koulermos v A.O. Smith Water Prods., 137 AD3d 575, 576 [1st Dept 2016]). Rather, Diker was required to affirmatively establish that it was free of negligence (see Dyer v Amchem Prods. Inc., 207 AD3d 408, 409 [1st Dept 2022]). Diker failed to sustain its burden. Its representatives denied having personal knowledge of the accident. Diker failed to offer any evidence suggesting that it was not responsible for plaintiff coming into contact with the drywall (see e.g. Holliday v Hudson Armored Car & Courier Serv., 301 AD2d 392, 395 [1st Dept 2003], lv dismissed in part and denied in part 100 NY2d 636 [2003]).
Diker also failed to establish prima facie that the A-frame cart and the drywall being transported on it were both open and obvious and, as a matter of law, not an inherently dangerous condition. As a result, this evidence did not bar plaintiff's recovery in full but might subject plaintiff to a reduction in damages based on comparative negligence (cf. Schulman v Old Navy/Gap, Inc., 45 AD3d 475, 476 [1st Dept 2007]).
As Diker did not carry its initial burden, the burden never shifted to plaintiff to raise an issue of fact.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 16, 2026