KARLENE ALLEN, as Mother and Natural Guardian of SANDINO MCKNIGHT, et al., Respondents, v TURYALI FAST FOOD, INC., Doing Business as KENNEDY FRIED CHICKEN, Defendant and Third-Party Plaintiff-Respondent. TASTY POULTRY LLC, Doing Business as NEW YORK POULTRY Co., Defendant and Third-Party Defendant-Appellant. [857 NYS2d 123]—

Order, Supreme Court, Bronx County (Nelson S. Roman, J.), entered on or about September 24, 2007, which denied the motion of defendant Tasty Poultry LLC, doing business as New York Poultry Co. (Tasty), for summary judgment dismissing the complaint and all cross claims as against it, and granted the cross motion of defendant Turyali Fast Food, Inc., doing business as Kennedy Fried Chicken (Turyali), for summary judgment dismissing the complaint and all cross claims as against it, unanimously affirmed, without costs.

The infant plaintiff testified that when he sat down to eat his meal at one of the two tables in Turyali's restaurant, he observed that the floor was clean and dry. While eating, plaintiff watched two men, Tasty's employees, make a delivery of chicken in cardboard boxes on a hand truck, and noticed that the boxes were wet. The men made four or five trips and took about 10 minutes. About five minutes after the delivery, as plaintiff was getting up to leave the restaurant, he slipped and fell. While on the floor, he first observed a trail of bloody water leading from the area where he fell to the back of the restaurant. Plaintiff also testified that the only restaurant employees he observed were the man behind the grill and the man behind the counter where customers ordered, picked up and paid for their food. An employee of Turyali, who was not at the restaurant on the day of the accident, testified that deliveries were made on hand trucks that were brought through the customer entrance and customer area to a cooler behind the counter, and that there was no other entrance to the restaurant for deliveries. Such evidence is sufficient to permit an inference that negligence on the part of Tasty created the hazardous trail of water (see *Healy v ARP Cable*, 299 AD2d 152, 154-155 [2002]), warranting the denial of Tasty's motion for summary judgment. It is also sufficient to show, prima facie, that Turyali did not create or have actual or constructive notice of the trail of water (see *Kesselman v Lever House Rest.*, 29 AD3d 302, 304 [2006]; cf. *Rose v Da Ecib USA*, 259 AD2d 258, 260 [1999]), warranting the granting of Turyali's cross motion for summary judgment in the absence of countervailing evidence. Concur—Tom, J.P., Andrias, Nardelli and Williams, JJ.