■ EDUVIGIS FURMENT, Appellant, v ZIAD FOOD CORP. et al., Respondents. [960 NYS2d 648]—

Order, Supreme Court, Bronx County (Julia Rodriguez, J.), entered April 2, 2012, which granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.

Defendants failed to establish their entitlement to judgment as a matter of law in this action where plaintiff alleges that she fell over a produce box that was placed next to her in a supermarket aisle while she was bending over to retrieve a product. As the movants, defendants bore the burden of disproving an essential element of plaintiff's claims and cannot affirmatively establish the absence of negligence as a matter of law merely by pointing out the gaps they perceive in plaintiff's case (see *Dabbagh v Newmark Knight Frank Global Mgt. Servs., LLC*, 99 AD3d 448, 450 [1st Dept 2012]).

Furthermore, the record demonstrates that there are triable issues with respect to whether the box that plaintiff fell over was an open and obvious condition and whether it was inherently dangerous. Such issues are typically not disposable by summary adjudication (see *Burgos v 205 E.D. Food Corp.*, 61 AD3d 403 [1st Dept 2009]; *Centeno v Regine's Originals*, 5 AD3d 210 [1st Dept 2004]; *Westbrook v WR Activities-Cabrera Mkts.*, 5 AD3d 69, 75 [1st Dept 2004]), and here, the motion court improperly disregarded plaintiff's account of her accident (see generally *Ferrante v American Lung Assn.*, 90 NY2d 623, 631 [1997] ["(i)t is not the court's function on a motion for summary judgment to assess credibility"]). Concur—Sweeny, J.P., Acosta, Román, Feinman and Clark, JJ.