■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MITCHELL, Appellant. [18 NYS3d 331]—Judgment of resentence, Supreme Court, New York County (Lewis Bart Stone, J.), rendered July 26, 2010, resentencing defendant to an aggregate term of 20 years, with five years' postrelease supervision, unanimously affirmed.

The resentencing proceeding imposing a term of postrelease supervision was neither barred by double jeopardy nor otherwise unlawful (*see People v Lingle*, 16 NY3d 621 [2011]). Concur—Tom, J.P., Renwick, Andrias, Moskowitz and Manzanet-Daniels, JJ.

■ AUDREY JACKSON, Respondent, v PARAMOUNT DECORATORS INC. et al., Appellants. [18 NYS3d 384]—

Order, Supreme Court, Bronx County (Alexander W. Hunter, Jr., J.), entered January 6, 2015, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendants failed to establish their entitlement to judgment as matter of law in this action where plaintiff alleges that she was injured when she tripped and fell over stools that were on display in an aisle of defendants' store. The stools were positioned by store personnel leaning against the aisle shelves, with their bottom feet protruding into the aisle. Although defendants showed that the stools' positioning was open and obvious, they failed to demonstrate that their placement was not inherently dangerous (*see Westbrook v WR Activities-Cabrera Mkts.*, 5 AD3d 69 [1st Dept 2004]; *see also Furment v Ziad Food Corp.*, 104 AD3d 562 [1st Dept 2013]; *compare Schwartz v Kings Third Ave. Pharmacy, Inc.*, 116 AD3d 474 [1st Dept 2014] [evidence, including photographs, showed that base of display rack did not protrude into aisle and that rack was placed flat against shelving in the aisle]). Concur—Tom, J.P., Renwick, Andrias, Moskowitz and Manzanet-Daniels, JJ.