■ JOANNE JOHNSON-GLOVER et al., Respondents, v FU JUN HAO INC., Appellant. [28 NYS3d 304]—

Order, Supreme Court, New York County (Debra A. James, J.), entered March 25, 2015, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff Joanne Johnson-Glover alleges that she tripped over a "pulley bag" or wheeled shopping bag placed along an aisle of defendant's discount store. She testified at her deposi-

tion that the store's aisles were always cluttered with merchandise, leaving only a narrow pathway for shoppers to walk in, and that she fell when her back foot got caught on a metal stand protruding from the bag as she stepped forward.

Although plaintiff admitted that she saw the pulley bag before she tripped, so that it was an "open and obvious" condition, defendant failed to demonstrate that it fulfilled its broad obligation to maintain the store in a reasonably safe condition (*Westbrook v WR Activities-Cabrera Mkts.*, 5 AD3d 69, 70-71, 73 [1st Dept 2004]). An issue of fact exists as to whether the placement of the pulley bag with its protruding metal stand, along with the other merchandise cluttering the store's aisles, was an inherently dangerous condition that presented a tripping hazard (*see Jackson v Paramount Decorators Inc.*, 132 AD3d 583, 583 [1st Dept 2015]; *see also Westbrook*, 5 AD3d at 75). That plaintiff saw the bag before tripping does not require dismissal of the complaint, but is relevant to the issue of her comparative negligence (*see Westbrook*, 5 AD3d at 72-73).

The testimony of defendant's cashier/manager that she usually cleared the aisles when the store was not busy was insufficient to establish lack of actual or constructive notice of the dangerous condition (*see Lehr v Mothers Work, Inc.*, 73 AD3d 564, 564-565 [1st Dept 2010]). Further, her testimony that merchandise was sometimes left in the aisles for a few hours after it was delivered raised an issue of fact as to whether defendant created the hazardous condition (*see Westbrook*, 5 AD3d at 75). Concur—Friedman, J.P., Sweeny, Saxe, Richter and Kahn, JJ.