■ CLAUDINE BROWN, Respondent, v GARDA CL ATLANTIC, INC., Appellant, et al., Defendants. [55 NYS3d 26]—

Order, Supreme Court, Bronx County (Lizbeth Gonzalez, J.), entered on or about May 2, 2016, which, insofar as appealed from as limited by the briefs, denied defendant Garda CL Atlantic, Inc.'s (defendant) motion for summary judgment dismissing plaintiff's negligence claim, unanimously affirmed, without costs.

Plaintiff bank teller seeks damages in connection with personal injuries allegedly sustained when she tripped over boxes of quarters delivered to the bank by defendant.

Defendant is a delivery company and did not own, lease, or

control the premises on which the accident occurred. "[A] party who enters into a contract to render services may be said to have assumed a duty of care—and thus be potentially liable in tort—to third persons" where, as relevant here, it "launche[s] a force or instrument of harm," such as by "negligently creat[ing] or exacerbat[ing] a dangerous condition" (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140-143 [2002]; *see also Gordon v Pitney Bowes Mgt. Servs., Inc.*, 94 AD3d 813, 813-814 [2d Dept 2012]; *Sainval-Brice v All Seasons Indus. Servs., Inc.*, 85 AD3d 1004, 1004 [2d Dept 2011]). Here, summary judgment was properly denied because defendant failed to demonstrate as a matter of law that it did not create a dangerous condition by placing the boxes of coins where plaintiff was likely to trip over them.

Contrary to defendant's assertion, it is not dispositive that the delivery was complete and the boxes transferred to the bank's custody and control at the time of the accident, which occurred only a few minutes later (*see Allen v Turyali Fast Food, Inc.*, 51 AD3d 468, 469 [1st Dept 2008]; *cf. Armstrong v Ogden Allied Facility Mgt. Corp.*, 281 AD2d 317, 318 [1st Dept 2001]).

It is also not clear as a matter of law that the boxes were both "open and obvious" and not "inherently dangerous" (*see Powers v 31 E 31 LLC*, 123 AD3d 421, 422 [1st Dept 2014]). "[T]he question of whether a condition is open and obvious is generally a jury question" (*Westbrook v WR Activities-Cabrera Mkts.*, 5 AD3d 69, 72 [1st Dept 2004]) and this Court has previously found summary judgment unwarranted under very similar circumstances (*see Furment v Ziad Food Corp.*, 104 AD3d 562, 563 [1st Dept 2013]). Concur—Tom, J.P., Mazzarelli, Manzanet-Daniels and Webber, JJ.