Socorro v New York Presbyt. Weill Cornell Med. Ctr. (2018 NY Slip Op 02723)





Socorro v New York Presbyt. Weill Cornell Med. Ctr.


2018 NY Slip Op 02723


Decided on April 19, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 19, 2018

Acosta, P.J., Manzanet-Daniels, Tom, Oing, Singh, JJ.


6341 154285/12

[*1]Sobeida Socorro, Plaintiff-Respondent,
v
New York Presbyterian Weill Cornell Medical Center, Defendant-Appellant.


Keller, O'Reilly & Watson, P.C., Woodbury (Patrick J. Engle of counsel), for appellant.
Wingate, Russotti, Shapiro & Halperin, LLP, New York (Michael J. Fitzpatrick of counsel), for respondent.



Order, Supreme Court, New York County (Ellen M. Coin, J.), entered April 7, 2017, which, in this action for personal injuries sustained when plaintiff slipped and fell on a puddle of water in defendant's emergency room, denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendant failed to sustain its prima facie burden of showing that it did not create or have notice of the puddle of water in front of a nurses' station in the emergency room. Although its operations manager testified to general cleaning and inspection procedures, he did not state that they were followed on the day of the accident, did not know if he worked that day, and did not know when the area was last inspected (see Sada v August Wilson Theater, 140 AD3d 574 [1st Dept 2016]; Dylan P. v Webster Place Assoc., L.P., 132 AD3d 537 [1st Dept 2015], affd 27 NY3d 1055 [2016]).
Defendant's argument that plaintiff's negligence was the sole proximate cause of the accident in that she admitted that she saw the puddle several times before she fell, is unavailing. Plaintiff testified that she did not see the water immediately prior to the fall as she was looking straight ahead. Plaintiff did not deliberately undertake a course of action severing the nexus between defendant's alleged negligence and her injury (Abreu v New York City Hous. Auth., 104 AD3d 522 [1st Dept 2013]). Plaintiff's prior awareness of the water condition does not require dismissal of the complaint because it is relevant only to the issue of her comparative negligence (see Johnson-Glover v Fu Jun Hao Inc., 138 AD3d 499 [1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 19, 2018
CLERK