| |
|---|
| **Loaiza v Tokyo Ramen LLC** |
| 2024 NY Slip Op 32534(U) |
| July 24, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 151151/2021 |
| Judge: Mary V. Rosado |

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   <u>HON. MARY V. ROSADO</u>

*Justice*

----------------------------------------------------------------------X

HILDA JUDY LOAIZA,

Plaintiff,

- v -

TOKYO RAMEN LLC D/B/A KITAKATA RAMEN, G&L
REALTY DELAWARE LLC

Defendant.

----------------------------------------------------------------------X

| | |
|---|---|
| PART | 33M |
| INDEX NO. | 151151/2021 |
| MOTION DATE | 07/20/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45

were read on this motion to/for          JUDGMENT - SUMMARY          .

Upon the foregoing documents, Defendant Tokyo Ramen LLC d/b/a Kitakata Ramen's ("Tokyo Ramen") motion for summary judgment dismissing Plaintiff's Complaint is granted in part and denied in part.

## I.      Background

This case arises from Plaintiff's fall down a staircase at the premises located at 267 Amsterdam Avenue, New York, New York (*see generally* NYSCEF Doc. 1). At the time of the incident, the premises were owned by Defendant G&L Realty Delaware LLC ("G&L") and leased by Tokyo Ramen (NYSCEF Doc. 34, Exhibit M).

In her bill of particulars, Plaintiff alleged that her accident was caused by inadequate lighting, broken handrails, and risers which were not uniform in height. Plaintiff was heading to the restroom when she fell. Tokyo Ramen now moves for summary judgment, arguing that the

151151/2021  LOAIZA, HILDA JUDY vs. TOKYO RAMEN LLC D/B/A
Motion No.  001

Page 1 of 4

staircase which Plaintiff fell down was open and obvious. It also argues that because it did not own the premises, it does not owe Plaintiff a duty of care[1].

Plaintiff opposes and argues that Tokyo Ramen, as a tenant in possession, owed Plaintiff a duty to maintain the property in a safe condition. Plaintiff also argues that Tokyo Ramen has failed to make a showing that the stairs were not dangerous, and points to issues of fact, including the narrowness of the stairway, the abrupt stairway opening, and the improper position of the handrail. Plaintiff also produced an expert affidavit from Stanley Fein, P.E. who testified that the narrowness of the stairs, lack of a handrail, and the perpendicular position of the landing to the doorway constituted a trap-like hazard. He avers that the stairs violated provisions of the New York City Administrative Code (NYSCEF Doc. 43).

In reply, Tokyo Ramen argues that it owed no duty to Plaintiff with regard to claimed structural or design defects and argues that because Mr. Fein did not actually inspect the stairs where Plaintiff fell, his opinion should be rejected as speculative.

## II.    Discussion

"Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.,* 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact

---

[1] Although not requested in their notice of motion, Tokyo Ramen also makes arguments for the dismissal of G&L's crossclaims asserted against Tokyo Ramen. There is no opposition to Tokyo Ramen's arguments for dismissal of the crossclaims and therefore they are granted.

**151151/2021   LOAIZA, HILDA JUDY vs. TOKYO RAMEN LLC D/B/A**                     **Page 2 of 4**
**Motion No.   001**

2 of 4

which require a trial. *See e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Pemberton v New York City Tr. Auth.*, 304 AD2d 340, 342 [1st Dept 2003]). Mere conclusions of law or fact are insufficient to defeat a motion for summary judgment (*see Banco Popular North Am. v Victory Taxi Mgt., Inc.*, 1 NY3d 381 [2004]).

Viewing the facts in the light most favorable to the non-movant, and given the expert affidavit of Mr. Fein, the Court finds there are triable issues of fact which preclude granting Tokyo Ramen summary judgment. Whether a condition is open and obvious is generally a jury question (*Westbrook v WR Activities-Cabrera Markets*, 5 AD3d 69, 72 [1st Dept 2004]). Here, there is testimony that because the staircase was narrow and perpendicular, and partially blocked by a container, Plaintiff was unable to see the staircase before her fall. Viewing these facts in the light most favorable to Plaintiff, the Court cannot hold, as a matter of law, that the staircase was open and obvious (*see also Burgdoerfer v CLK/HP 90 Merrick LLC*, 170 AD3d 427 [1st Dept 2019]; *Brown v Garda CL Atlantic, Inc.*, 150 AD3d 542 [1st Dept 2017]; *Juoniene v H.R.H. Const. Corp.*, 6 AD3d 199 [1st Dept 2004]).

Likewise, Tokyo Ramen's argument that it did not owe Plaintiff a duty is without merit. Tokyo Ramen was an in-possession tenant of the premises and Plaintiff was a customer. A commercial tenant has a duty to maintain its premises in a reasonably safe condition, including providing a safe means of ingress and egress (*Nyambuu v Whole Foods Market Group, Inc.*, 191 AD3d 580 [1st Dept 2021]; *Han Bin Hu v Bravo Food, Inc.*, 170 AD3d 818 [2d Dept 2019]). This includes maintaining staircases on the premises in a reasonably safe condition (*Branch v SDC Discount Store, Inc.*, 127 AD3d 547 [1st Dept 2015]). Therefore, based on the record before the Court, summary judgment dismissing Plaintiff's Complaint against Tokyo Ramen is inappropriate.

**151151/2021   LOAIZA, HILDA JUDY vs. TOKYO RAMEN LLC D/B/A**
**Motion No. 001**

**Page 3 of 4**

Accordingly, it is hereby,

ORDERED that Defendant Tokyo Ramen's motion for summary judgment is granted in part and denied in part; and it is further

ORDERED that Defendant Tokyo Ramen's motion for summary judgment dismissing Defendant G&L Realty Delaware LLC's crossclaims against it is granted as unopposed; and it is further

ORDERED that Defendant Tokyo Ramen's motion for summary judgment is otherwise denied; and it is further

ORDERED that within ten days of entry, counsel for Plaintiff shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment accordingly.

This constitutes the Decision and Order of the Court.

| 7/24/2024 | | _Mary V Rosado JSC_ |
| --- | --- | --- |
| DATE | | HON. MARY V. ROSADO, J.S.C. |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | GRANTED | DENIED | x | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

151151/2021   LOAIZA, HILDA JUDY vs. TOKYO RAMEN LLC D/B/A
Motion No. 001

Page 4 of 4

4 of 4