Schulman v Alliance Energy LLC (2025 NY Slip Op 02742)

Schulman v Alliance Energy LLC

2025 NY Slip Op 02742

Decided on May 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 06, 2025

Before: Webber, J.P., Scarpulla, Mendez, Rodriguez, Pitt-Burke, JJ. 

Index No. 158415/19|Appeal No. 4287|Case No. 2024-03009|

[*1]Ira Schulman, Plaintiff-Respondent,
v
Alliance Energy LLC et al., Defendants-Respondents, Exxon Mobil Corporation Also Known as Mobil et al., Defendants.
Alliance Energy LLC et al., Third-Party Plaintiffs-Respondents, Exxon Mobil Corporation Also Known as Mobil, Third-Party Plaintiff,
v
Service Station Vending Equipment, Inc., Third-Party Defendant-Appellant.

Law Office of Eric D. Feldman, New York (Micheal J. Kozoriz of counsel), for appellant.
Ahmuty Demers & McManus, Albertson (Kevin J. Murtagh of counsel), for respondents.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about May 1, 2024, which, to the extent appealed from as limited by the briefs, denied the motion of third-party defendant Service Station Vending Equipment, Inc. (SSVE) for summary judgment dismissing the third-party complaint and any cross-claims as against it, unanimously affirmed, without costs.
On its motion, SSVE failed to establish prima facie that it did not launch a force or instrument of harm by placing a service station's air pump hose in a location adjacent to a sidewalk so that the hose could present a tripping hazard (see Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [2002]; see also Brown v Garda CL Atl., Inc., 150 AD3d 542, 543 [1st Dept 2017]). SSVE's witness testified that the air pump hose's location was determined by both SSVE and the service station that owned the property. Similarly, the service station's owner testified that the decision was either solely SSVE's or was a mutual decision.
While SSVE argues that plaintiff offers only speculation about the cause of his fall, plaintiff's testimony that he "remember[ed] getting ensnarled [and] tangled," identification of the hose as belonging to the air pump, and the photos of the hose and its placement provides "sufficient facts and circumstances from which causation may be reasonably inferred" and presents an issue of fact (Haibi v 790 Riverside Dr. Owners, Inc., 156 AD3d 144, 147 [1st Dept 2017]; see Mandel v 340 Owners Corp., 189 AD3d 483, 484 [1st Dept 2020]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 6, 2025